## Commonwealth v. Peak

*Perry L. Reeher*, District Attorney, for Commonwealth.

*Kenneth E. Fox, Jr.*, and *Walter A. Kieler*, for defendants.

LAMOREE, P. J., September 27, 1957.—These cases were argued before the court en banc on defendants' motions in arrest of judgment and for a new trial. Defendants contend that: (1) The evidence was insufficient to sustain the verdict of the jury; (2) the Commonwealth did not prove the corpus delicti; (3) the verdict is contrary to the evidence; (4) the verdict is contrary to the weight of the evidence.

On April 11, 1957, at about 1:15 a.m., one John Young was killed in an automobile collision on Route 422 in Lawrence County. The evidence shows that on the night of April 10th, the deceased, John Young, George Ramsey and Charles Peak, after discussions in two barrooms, agreed to race their cars on Route 422. Sometime after 1 a.m. on the morning of April 11th, defendants Peak and Ramsey had proceeded to a point where the deceased, John Young, agreed to meet them to engage in a race. Young arrived at the point having as his passenger one Carl Forkey. At a point about five miles east of the City of New Castle the three cars lined up on Route 422 which is a three-lane highway and proceeded to race toward the City of New Castle. The testimony shows that at times the cars were three abreast on the highway, that their speed was 100 miles an hour, one witness testifying that he was probably going 125 miles an hour. As the three cars raced westward on the highway, another automobile operated by Mr. Richards was traveling eastward on the same highway and saw the six headlights approaching him from the east. He testified that he pulled his car to the right-hand berm and an instant later was struck by the car operated by the deceased, John Young. The witness, Forkey, who was a passenger in the car of the deceased at the time, stated that the deceased, Young, as he observed the approaching car operated by Mr. Richards, said to him: "Hang on, Forkey", and that he, Forkey, then lay down upon the seat and the next thing he knew he felt an impact of a collision and remembers nothing after that.

While defendants were not called to the witness stand, their statements made to the investigating officers were admitted into evidence. Defendant Peak in his statement said that the car operated by the deceased, John Young, was passing both he and Ramsey and a car approached from the west, that de-

cedent's car pulled to the right and hit the car operated by Ramsey and that immediately thereafter Peak's car was hit. At the time Peak testified that he was going 100 miles per hour. After the cars of defendants were struck, the deceased's car swerved to its left, striking the car operated by Mr. Richards. The car operated by the deceased was then out of control and crashed into a guard rail and over an embankment, killing the operator, Young.

There is ample evidence to establish the fact that defendants and the deceased, John Young, agreed to race their automobiles on the three-lane highway known as Pennsylvania Traffic Route No. 422.

Defendants' contention that the Commonwealth did not prove the corpus delicti is without merit. The testimony of one of the investigating officers who arrived at the scene shortly after the accident was sufficient to prove the corpus delicti. Defendants here contend that Young himself committed an unlawful act which was a substantial factor in bringing about his own death and would prevent defendants' acts from amounting to involuntary manslaughter so far as the death of Young is concerned. Thus is raised the issue whether two defendants engaging in an unlawful act, racing automobiles on the public highways of the Commonwealth in agreement with a third participant to so do, and the third participant is killed in an accident resulting from the unlawful act, will involuntary manslaughter lie against the two surviving participants?

Defendants cite the Commonwealth v. Amecca, 160 Pa. Superior Ct. 257, wherein the court stated that the conduct of the deceased as well as the conduct of defendant is to be weighed in such cases. With that we agree and stated that principle to the jury in the charge of the court. Defendants take no exception to

the charge of the court. In the Amecca case, supra, where defendant was found guilty of involuntary manslaughter, the court did reverse the judgment on the ground of error in the charge of the court. In the present case the factual situation differs entirely from the situation in the Amecca case.

In this case we are of the opinion that the evidence is sufficient to show that Ramsey, Peak and the deceased, Young, were not acting independently of each other and that they were jointly engaged in conduct which lead directly to the fatal collision. We further believe the evidence, with the reasonable inferences arising therefrom, was sufficient to show that the death of Young was a proximate result of the commission of an unlawful act or acts on the part of defendants.

Defendants by participating in the unlawful racing initiated a series of events resulting in the death of Young. Under these circumstances, decedent's own unlawful conduct does not absolve defendants from their guilt. The acts of defendants were contributing and substantial factors in bringing about the death of Young. The acts and omissions of two or more persons may work concurrently as the efficient cause of an injury and in such case each of the participating acts or omissions is regarded in law as a proximate cause.

In accordance with the foregoing, we are accordingly entering the following

### Order

Now, September 27, 1957, defendants' motions in arrest of judgment and for a new trial are overruled, refused and dismissed.

Now, September 27, 1957, an exception is sealed to the above order for defendants.