**STATE of Iowa, Plaintiff–Appellee,**

v.

**Montez SHORTRIDGE, Defendant–Appellant.**

No. 95–0909.

Court of Appeals of Iowa.

Aug. 30, 1996.

844

Linda Del Gallo, State Appellate Defender, and Kevin Cmelik, Assistant State Appellate Defender, for defendant–appellant.

Thomas J. Miller, Attorney General, Robert P. Ewald, Assistant Attorney General, John P. Sarcone, County Attorney, and Odell McGhee, Assistant County Attorney, for plaintiff–appellee.

Heard by SACKETT, C.J., and HABHAB, and STREIT, JJ.

STREIT, Judge.

Shortridge appeals his conviction for vehicular homicide in violation of Iowa Code section 707.6A (1995). He claims there was insufficient evidence to support his conviction. We affirm.

On April 19, 1994, Michelle Wells was killed when she was a passenger in a car that struck a utility pole in downtown Des Moines. The collision was the result of a high speed chase between Linda Cutler and Montez Shortridge.

Linda Cutler worked as a prostitute for an out-call service run by the defendant, Montez Shortridge. The two also lived together for approximately one year. During this time Shortridge abused Cutler, breaking her ribs and facial bones. He threatened harm to her family if she reported the incidents. Four days prior to the collision, Shortridge shot Cutler (whose arm was already in a cast from a recent pistol whipping) in her shoulder. Cutler received medical treatment and decided to leave town in order to remain safe from Shortridge. She hid with various friends for a few days.

At approximately 9:00 p.m. on April 19, Cutler and Wells were giving Bradley Teale a ride home. Cutler testified she and her friends had decided to go directly to the police station for safety if they encountered Shortridge. Cutler drove northbound on Fleur Drive. Shortridge located Cutler on Fleur Drive and pulled in front of her, blocking her way. Another car driven by a friend of Shortridge pulled beside her. Shortridge got out of the car and walked toward Cutler's car. Cutler was frightened and tried to escape by backing up. Shortridge got back in his car and followed her. Cutler stopped backing up and drove north on Fleur headed for the Des Moines police station. Shortridge chased her at a high speed. Upon leaving Fleur Drive, Cutler turned eastbound onto Locust Street. Shortridge's vehicle was anywhere from one-half block away to touching Cutler's car during the chase. Both vehicles traveled in excess of ninety miles per hour and ran several red lights. Cutler testified that if Shortridge had not been chasing her at a high speed, she would have gone to the police station in a more orderly fashion.

At Ninth Street, Cutler ran a red light and traffic entering the intersection hit her, sending the car spinning into a utility pole. She and Teale sustained injuries and Wells was

killed. Shortridge's car came to a screeching halt at the scene and he got out to look at the wreckage. Cutler testified Shortridge came over to the car, punched her, and called her a "stupid bitch." Witnesses reported he exclaimed, "Holy shit, let's get out of here," and left the scene. A witness followed him and wrote down his license plate number. Shortridge was tried and convicted for vehicular homicide.

Shortridge contends there was not sufficient evidence presented at trial to support the State's theory he was a proximate cause of Wells' death. The standard of review for a challenge to the sufficiency of the evidence to support a guilty verdict is to consider all the evidence in the light most favorable to the State, without regard to contradiction or inconsistencies, and assisted by all reasonable inferences. *State v. Propp*, 532 N.W.2d 784, 785 (Iowa 1995). If the verdict is supported by substantial evidence, it must be upheld. Substantial evidence is evidence that could convince a rational trier of fact the defendant is guilty beyond a reasonable doubt. *Id.*

 A defendant's conduct is a proximate cause of the death of another if the conduct is a substantial factor in bringing about the death and no other rule relieves the defendant of liability due to the manner in which the conduct resulted in the harm. *State v. Hubka*, 480 N.W.2d 867, 869 (Iowa 1992). Wells' death would not have occurred had Shortridge not chased Cutler through traffic at speeds exceeding ninety miles per hour. Shortridge's chasing of Cutler was a sufficient stimulator of Cutler's conduct to be considered a cause of the collision and the death. Cutler testified she drove in the manner she did because she was fearful of Shortridge and she wanted to get to the police station for protection. She further stated that had Shortridge not been chasing her, she would have proceeded in a more orderly fashion.

Cutler's fear of Shortridge was warranted due to the serious incidents of abuse that occurred at his hand over the course of the year they lived together. Her fear was so great that she was in hiding. She ventured out on April 19 based on her understanding Shortridge was out of town. Cutler's fear of Shortridge was further evidenced by the plan to go directly to the police station if she crossed paths with Shortridge. The evidence supports Cutler's contention she had reason to fear Shortridge, and this fear caused her to run red lights and speed through town as he chased her. But for Shortridge chasing Cutler through the streets of Des Moines, the accident that killed Wells would not have occurred. The evidence presented was sufficient to lead a jury to conclude Shortridge's actions caused Wells' death.

 Shortridge argues that he cannot be a proximate cause of Wells' death because her actions were unreasonable and therefore not foreseeable. Proximate cause is based on foreseeability. *State v. McFadden*, 320 N.W.2d 608, 613 (Iowa 1982). In *McFadden*, the defendant was held liable for the deaths of a participant in a drag race and an innocent bystander because it was foreseeable that death could be the result of a drag race. Shortridge argues that the choices made by Cutler were not foreseeable and he cannot be held responsible for Wells' death. A high speed chase where one participant threatens serious bodily injury to the other is at least as foreseeable to result in death or injury as one where both parties are voluntarily engaging in the "sport" of drag racing to test driving skill. We conclude the probability of death or injury during a high speed chase through downtown Des Moines is highly foreseeable.

 Shortridge further contends Cutler was an intervening and superseding cause in Wells' death. If intervening events are found to break the chain of events between the defendants' conduct and the death, the defendant may be relieved of liability. *Hubka*, 480 N.W.2d at 869. However, another individual also participating in a reckless manner does not bar the defendant from being convicted of homicide. *McFadden*, 320 N.W.2d at 611. The *McFadden* court stated:

> Defendants by participating in the unlawful racing initiated a series of events resulting in the death of [the victim]. Under these circumstances, decedent's own unlawful conduct does not absolve defendants

from their guilt. The acts of defendants were contributing and substantial factors in bringing about the death of [the victim]. The acts and omissions of two or more persons may work concurrently as the efficient cause of an injury and in such case each of the participating acts or omissions is regarded in law as a proximate cause. *Id.* (quoting *Pennsylvania v. Peak,* 12 Pa. D. & C.2d 379, 382 (1958)). Cutler claims she drove in a reckless manner only because she was forced to by Shortridge. If an intervening cause is also superseding, it will relieve the defendant of liability. *State v. Cunningham,* 463 N.W.2d 887, 889 (Iowa App.1990) (citing *State v. Marti,* 290 N.W.2d 570, 584 (Iowa 1980)).

For Cutler's actions to be intervening and superseding, Shortridge would have had to cease his actions. There is no evidence to indicate Shortridge ever stopped pursuing Cutler. An accident reconstructionist testified Shortridge would have been two-thirds of a block behind Cutler's car to avoid the scene as he did. The reconstructionist also stated that judging by the skid marks left by Shortridge's car, he would have been traveling eighty-nine miles per hour and skidded for one block to the site of the collision. Clearly, this does not indicate that Shortridge ceased his actions and that Cutler's actions alone were an intervening cause of Wells' death.

The collision occurred while Shortridge was chasing Cutler. Furthermore, if Shortridge had slowed or was aborting the chase, it could be found that last minute efforts to withdraw would not break the chain of causation already set in motion by his actions. *McFadden,* 320 N.W.2d at 616. The jury's rejection of Shortridge's contention that Cutler's actions were intervening and superseding causes is supported by substantial evidence.

We conclude that substantial evidence supports Shortridge's conviction for vehicular homicide under Iowa Code section 707.6A(1)(b) (1995).

**AFFIRMED.**