# IN THE COURT OF APPEALS OF IOWA

No. 4-012 / 12-2222
Filed June 11, 2014

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**STEWART O. NEWMAN,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Pottawattamie County, Kathleen A. Kilnoski, Judge.


        Stewart Newman challenges the sufficiency of the evidence supporting his convictions for lascivious acts with a child.  **AFFIRMED.**


        Mark C. Smith, State Appellate Defender, and Nan Jennisch, Assistant Appellate Defender, for appellant.

        Thomas J. Miller, Attorney General, Tyler J. Buller, Assistant Attorney General, Nolan M. McGowan, student legal intern, Matthew D. Wilber, County Attorney, and Shelly Sedlak, Assistant County Attorney, for appellee.


        Considered by Potterfield, P.J., and Doyle and Bower, JJ.

**BOWER, J.**

Following a bench trial, Stewart Newman was convicted of twelve criminal offenses arising from three Thanksgiving camping trips he took with his daughter, E.N, in November of 2007, 2008, and 2009. In this appeal, Newman only challenges his convictions for lascivious acts with a child—solicitation alternative.[1] *See* Iowa Code § 709.8(3) (2009). He claims the record lacks sufficient proof he *solicited* his daughter to engage in a sex act. *See id.* Because we conclude sufficient evidence supports the "solicitation" element, we affirm his convictions.

## I. Background Facts and Proceedings

Stewart Newman is the biological father of E.N. and was married to E.N.'s mother. The family included E.N.'s older brother and two younger brothers. Newman's father, Newman, and E.N.'s older brother were active in a Boy Scout troop. The troop's annual Thanksgiving campout was held on a weekend in November and was open to the scout's siblings, parents, and friends. Some families stayed overnight in tents on both Friday and Saturday nights—camping ended on Sunday morning. The 2007, 2008, and 2009 Thanksgiving campouts were held at a park in Pottawattamie County, Iowa. Sometimes E.N.'s mother would attend the Saturday afternoon Thanksgiving feasts but she never camped overnight.

---

[1] The June 2012 trial information charged Newman with twelve counts—three counts (2007, 2008, and 2009) on each of four charges—(1) indecent conduct with a child, (2) second-degree sexual abuse, (3) lascivious acts with a child, and (4) incest. The district court found Newman guilty on all twelve counts.

E.N. testified she slept alone with her father in a cream-and-white, dome-shaped tent during the 2007, 2008, and 2009 Thanksgiving campouts. During those trips E.N. was, respectively, eight, nine, and ten years old. Pictures from the 2007, 2008, and 2009 events show the cream-and-white, dome-shaped tent present each year. An adult scout leader saw Newman and E.N. retire for the night alone in the tent at least once in 2008 or 2009, and he thought that was "a little odd."

E.N. told her mother and Omaha law enforcement of the abuse by her father in February 2010. E.N. started seeing a counselor, and in July, she told the counselor her father had abused her on camping trips.

During the September 2012 bench trial, E.N. testified to the abuse and testified similarly about the abuse each year—the abuse occurred on the first evening of the campout, Friday evening. E.N. testified when she asked her father if she could sleep in the tent with her brothers and her grandpa in 2007, her father told her she had to sleep with him. In 2008 and 2009, when E.N. asked if she could sleep in a tent with her friend Sara, her father "wouldn't let me."

When E.N. and her father were in the tent alone in 2007, he asked her to take off her clothes. Her father's pants and underwear were off. E.N. stated her father rubbed his penis on her vagina while they faced each other lying on their sides. No penetration occurred. E.N. testified her father then told her to turn over. She did so. He then rubbed his penis on her "butt." E.N. stated his

rubbing continued until "stuff came out of his penis." He used a sock or old shirt to wipe it off her.

E.N. testified in 2008, "It started the same way where he asked me to take off my clothes." E.N. again took off her pants and underwear, and her father committed the same acts, including asking her to turn over, ejaculating after rubbing his penis on her butt, and wiping her off.

E.N. testified in 2009, when her father again asked her to take off her clothes, she said no at first. He kept asking her. E.N. then complied by taking off her pants and underwear. E.N. testified her father touched her the same way as he had in 2007 and 2008, and it ended the same way—he ejaculated and again wiped her off.

The district court, in its findings of fact, found:

> It is no surprise that E.N., like the adults who participated in the many scouting campouts, could not recall every detail of every campout. The court does not find that her memory had been tainted by suggestions from counselors, interviewers, her mother, or others . . . . E.N. has consistently described sexual abuse by her father during the first night of three Thanksgiving camping trips in 2007, 2008, and 2009. The court finds her testimony is credible and highly persuasive.

In its conclusions of law, the district court ruled Newman committed the offense of lascivious acts with a child, stating:

> [T]he State must prove beyond a reasonable doubt that Stewart Newman solicited E.N. to engage in a sex act with him; that he did so with the specific intent to arouse or satisfy his sexual desires; that he was eighteen . . . or older; that E.N. was under . . . fourteen; and that [Newman] and E.N. were not married to each other. Solicit means to ask or induce another to commit a crime. The court concludes that Stewart Newman entreated E.N. to remove her clothes on each of the three [November] evenings [in 2007, 2008, and 2009] with the specific intent to commit a sex act against her.

Newman was sentenced[2] in December 2012.  This appeal followed.

## II.  Standard of Review

We review Newman's challenge to the sufficiency of evidence for errors at law.  *See State v. Sanford*, 814 N.W.2d 611, 615 (Iowa 2012).  "The trial court's findings of guilt are binding on appeal if supported by substantial evidence." *State v. Thomas*, 561 N.W.2d 37, 39 (Iowa 1997).  We consider "all of the record evidence 'viewed in the light most favorable to the State, including all reasonable inferences that may be fairly drawn from the evidence.'"  *Sanford*, 814 N.W.2d at 615 (quoting *State v. Keopasaeuth*, 645 N.W.2d 637, 640 (Iowa 2002)). Substantial evidence exists to support a verdict when the record reveals a rational trier of fact could find the defendant guilty beyond a reasonable doubt. *Thomas*, 561 N.W.2d at 39.

## III.  Analysis

Newman was convicted of soliciting a sex act with a child and challenges the sufficiency of the State's proof on the element of solicitation.  *See* Iowa Code § 709.8(3).  He does not contest the evidence showed he engaged "in sex acts

---

[2] The court sentenced Newman to a term (1) not to exceed two years in prison on each of the three counts of indecent contact with a child, (2) not to exceed twenty-five years on each of the three counts of second-degree sexual abuse—no parole or work release until he has served 7/10ths of the maximum term, and (3) not to exceed five years on each of the three counts of lascivious acts with a child.  These sentences run concurrently.  The court also ordered Newman to serve a term not to exceed five years on each of the three counts of incest—those terms to run concurrently with each other but consecutively to the other Iowa sentences.  The court ordered Newman's Iowa sentence to be served consecutively to his Nebraska sentence and also ordered Newman "shall not be given credit for time served in Nebraska for his Iowa sentence." On the counts of indecent contact with a child, lascivious acts with a child, and incest, the court ordered Newman to serve "an additional special sentence" of ten years "pursuant to section 903B.2."  The court ordered Newman to register as a sex offender.

with his daughter during each of the Boy Scout camping trips." Newman claims, however, the "only act of solicitation was in the initial request for her to disrobe. He did not ask for her permission to have sexual contact. He never offered her any candy, money, gifts, or favors to let him engage in a sex act with her." Newman claims there is a lack of substantial evidence in the record that he commanded, entreated, or otherwise attempted to persuade E.N. to engage in a sex act.

Chapter 709 of the Iowa Code does not define the term "solicit." But Chapter 705 defines the offense of "solicitation" as:

> Any person who *commands, entreats, or otherwise attempts to persuade another* to commit a particular felony or aggravated misdemeanor, with the intent that such act be done and under circumstances which corroborates that intent by clear and convincing evidence, *solicits such other* to commit that felony or aggravated misdemeanor. One who solicits another to commit a felony of any class commits a class "D" felony.

*Id.* § 705.1 (emphasis added). The definition in section 705.1 "mirrors the generally accepted meaning of the term." *State v. Propp*, 532 N.W.2d 784, 786 (Iowa 1995); *see Hajek v. Iowa State Bd. of Parole*, 414 N.W.2d 122, 124 (Iowa 1987) ("Laws can be more readily understood and uniformly applied when terms do not shift in meaning from one statute to another.").

Our supreme court recognizes the "word 'solicit' connotes 'asking or urging' conduct." *State v. Shearon*, 660 N.W.2d 52, 56-57 (Iowa 2003). The crime is "in the asking." *State v. Anderson*, 618 N.W.2d 369, 372 (Iowa 2000); *see Propp*, 532 N.W.2d at 786 (stating "the ultimate success or failure of the

solicitation is irrelevant"); *State v. Williams*, 315 N.W.2d 45, 50 (Iowa 1982) (stating the solicitation "is committed when the inducement is attempted").

Newman claims he only asked his daughter to disrobe in their tent while they were alone and never asked her to perform sex acts. We note Newman does not challenge the intent element of the crime. Viewing the evidence in the light most favorable to the State including all reasonable inferences that may be fairly drawn from the evidence, we find no error in the district court's conclusion: "Stewart Newman *entreated* E.N. to remove her clothes on each of the three [November] evenings [in 2007, 2008, and 2009] with the specific intent to commit a sex act against her." (Emphasis added.) Because the crime of solicitation is "in the asking," Newman asking his eight-year-old daughter to take her clothes off while they were alone in a tent together so that he could have sexual contact with her is an act of solicitation.[3]

Alternatively and additionally, Newman solicited a sex act with E.N. when he *commanded or entreated or asked* her to turn over after he had completed his sexual acts with her vagina. That second solicitation was made in order for Newman to commit additional sex acts, this time with his daughter's buttocks. Because he told her to "turn over" and then immediately proceeded to have sexual contact—including ejaculation—a rational trier of fact could find that Newman solicited E.N. when he asked her to turn over—he made that request in order to facilitate an illicit act.

---

[3] We also note the victim's initial refusal to disrobe in 2009 shows she knew why her father was asking her to disrobe.

The evidence amply supports the court's finding Newman committed the crime of lascivious acts by soliciting a child to engage in a sex act. We therefore affirm the judgment and sentence of the district court.

**AFFIRMED.**