# IN THE COURT OF APPEALS OF IOWA

No. 14-0872
Filed January 27, 2016

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**PERRY BERNARDO BENDER,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Webster County, William C. Ostlund, Judge.


        The defendant appeals from the district court's denial of his motions to correct an illegal sentence. **AFFIRMED.**


        Shawn Smith of Shawn Smith, Attorney at Law, P.L.L.C., Ames, for appellant.

        Thomas J. Miller, Attorney General, and Kelli Huser, Assistant Attorney General, for appellee.


        Considered by Danilson, C.J., and Mullins and McDonald, JJ.

**DANILSON, Chief Judge.**

Perry Bender appeals from the district court's denial of his motions to correct an illegal sentence imposed for two 2007 convictions. In 2007, Bender was convicted of possession of a firearm as a felon, as an habitual offender,[1] and in a second case he was convicted of burglary in the second degree, as an habitual offender, and stalking in violation of a no-contact order, as an habitual offender.[2] Bender appealed in both cases, and his appeals were consolidated. Bender maintains the district court erred in denying his motions because the imposition of the habitual offender enhancements was illegal and should have been corrected. He maintains the enhancements are only applicable when the person in question has been twice *convicted and sentenced* for felonies. He argues that because his 2001 sentence was illegal and void, he had not been twice sentenced in 2007 when the enhancements were imposed, and it could not be properly applied to him.

The habitual offender enhancement of Iowa Code section 902.8 (2005) is triggered by convictions alone. Notwithstanding any issues with sentencing, Bender has not shown that his previous convictions were in error. Because Bender's 1996 conviction and 2001 conviction preceded his 2007 convictions, the imposition of the habitual offender enhancements was not in error, and we affirm the district court's denial of Bender's motions to correct an illegal sentence.

---

[1] Case no. FECR331222
[2] Case no. FECR333021

**I. Backgrounds Facts and Proceedings.**

Following a trial by jury, on May 2, 2007, the district court entered judgment against Bender for possession of a firearm as a felon, as an habitual offender (case no. FECR331222). Also following a trial by jury, on May 7, 2007, the district court entered judgment against Bender for burglary in the second degree, as an habitual offender, and stalking in violation of a no-contact order, as an habitual offender (case no. FECR333021). Regarding the habitual offender enhancements, the State relied on a 1996 conviction for burglary in the third degree and a 2001 conviction for willful injury.

On March 12, 2013, Bender filed a motion to correct an illegal sentence in case no. FECR331222. He maintained that the 2001 willful injury charge had not reached "valid final judgment" at the time of the 2007 sentencing and thus was not a predicate felony for the purpose of the sentencing enhancements. One week later, Bender filed a similar motion in case no. FECR333021.

On May 30, 2013, the court of appeals filed an opinion finding that Bender had received an illegal sentence for his 2001 conviction for willful injury. *See State v. Bender*, No. 12–0415, 2013 WL 2368826, at *3 (Iowa Ct. App. May 30, 2013). The court vacated the district court's initial sentencing order and remanded for resentencing. The court also stated, "We also reject Bender's pro se argument that due to a violation of Iowa Code section 708.4(2) his conviction should be vacated. We agree with the State's argument that the time for appeal of that conviction has passed and affirm the conviction." Neither the State nor Bender sought further review, and procedendo issued on July 10, 2013.

The district court heard argument on Bender's motions to correct the illegal habitual offender sentences in FECR331222 and FECR333021 on February 24, 2014. The court denied both motions in a written ruling, filed April 23, 2014, and Bender filed a consolidated appeal.

## II. Standard of Review.

We review challenges to the legality of a sentence for correction of errors at law. *State v. Chadwick*, 586 N.W.2d 391, 392 (Iowa Ct. App. 1998).

## III. Discussion.

Bender maintains that the district court's imposition of the habitual offender enhancements was illegal. He maintains the enhancements are only applicable when the person in question has been twice *convicted and sentenced* for felonies. He argues that because his 2001 sentence was illegal and void, he had not been twice convicted and sentenced in 2007 when the enhancements were imposed, and it could not be properly applied to him.

Bender's sentence was enhanced pursuant to Iowa Code section 902.8, which provides:

> An habitual offender is any person convicted of a class "C" or a class "D" felony, who has twice before been convicted of any felony in a court of this or any other state, or of the United States. An offense is a felony if, by the law under which the person is convicted, it is so classified at the time of the person's conviction. A person sentenced as an habitual offender shall not be eligible for parole until the person has served the minimum sentence of confinement of three years.

Bender maintains that "conviction"—as used in section 902.8—is not meant in the colloquial sense, but rather in a "restricted or technical legal sense." In *State v. Hanna*, 179 N.W.2d 503, 507–08 (Iowa 1970), our supreme court stated:

> The word 'conviction' is of equivocal meaning, and its use in a statute presents a question of legislative intent.
>
> In the restricted or technical legal sense in which it is sometimes used, the word 'conviction' includes the status of being guilty of, and sentenced for, a criminal offense, whether that status is established after confession of guilt by a guilty plea or after determination by a jury verdict upon an assertion of innocence. Stated otherwise technically the word means the final consummation of the prosecution against the accused including the judgment or sentence rendered pursuant to an ascertainment of his guilt.
>
> In its general and popular sense and frequently is its ordinary legal sense, the word 'conviction' is used in the sense of establishment of guilt prior to and independently of judgment and sentence by a verdict of guilty or a plea of guilty.

Moreover, the court has stated that when considering the word "conviction" in a statute used to enhance punishment, the word is construed to have a "relatively narrow and technical meaning." *Schilling v. Iowa Dep't of Transp.*, 646 N.W.2d 69, 71 (Iowa 2002). When used in its technical legal sense, "it requires a formal adjudication by the court and the formal entry of judgment of conviction." *Daughenbaugh v. State*, 805 N.W.2d 591, 597 (Iowa 2011). However, we are not persuaded by these arguments because the meaning of conviction in the habitual offender statute is not equivocal. Our supreme court interpreted the meaning of "conviction" within the habitual offender enhancement in *State v. Hollins*, 310 N.W.2d 216, 216 (Iowa 1981).

In *Hollins*, the court was tasked with determining what was necessary "to invoke the provisions of that statute and impose sentence as such upon an habitual offender." 310 N.W.2d at 216. The court found, "Sentences and commitments for prior offenses need not be shown in order to impose the enhanced punishment for an habitual offender under the new statute," and "the trial court correctly held that the provisions of the present recidivism statute *are*

*triggered by convictions alone* and not by any resulting prior sentences or commitments to prison." *Id.* at 216 (emphasis added).

We acknowledge two cases decided after *Hollins* and relied upon by Bender, *State v. Freeman*, 705 N.W.2d 286, 291 (Iowa 2005), and *Hajek v. Iowa State Bd. of Parole*, 414 N.W.2d 122, 123 (Iowa 1987). *Freeman* referenced *Hollins* and recited:

> Despite the change in language in the statute, we reaffirmed our holding in *Conley* to follow the general rule that each offense must be complete as to a conviction and sentencing before commission of the next in order to qualify for the enhancement of penalty under a habitual offender statute.

*Freeman*, 705 N.W.2d at 289 (citing *Hollins*, 310 N.W.2d at 217-18). Additionally, in *Hajek*, the court cited *Hollins* and stated, "The general rule is that criminal recidivism statutes which enhance punishment apply only when the second offense occurs after the imposition of judgment and sentence on the first offense." *Hajek*, 414 N.W.2d at 123. However, these recitations simply reaffirmed the general rule. It did not modify the exception to the general rule applied in *Hollins* that the habitual offender statute, Iowa Code section 902.8, only requires a conviction—and not a conviction and sentence—to be completed prior to the instant offense. We also note that *Freeman* was a case involving a sentencing enhancement under Iowa Code section 124.401(5) and *Hajek* was a case involving Iowa Code section 906.5, as opposed to the habitual offender enhancement mentioned in *Hollins* and set forth in Iowa Code section 902.8.

Convictions alone trigger the habitual offender enhancement of Iowa Code section 902.8, and Bender has not shown that his convictions were in error. "An appeal or subsequent challenge to a conviction and sentence does not render

the judgment of conviction unenforceable during the pendency of the appeal." *Kurtz v. State*, 854 N.W.2d 474, 479 (Iowa Ct. App. 2014); *see also* Iowa Code § 811.5 (noting that absent bail, a defendant must begin serving the applicable sentence). A challenge to the legality of a sentence—even a challenge of constitutional magnitude—does not affect the enforceability of the underlying conviction. *See, e.g., Kurtz*, 854 N.W.2d at 479; *State v. Hoeck*, 843 N.W.2d 67, 72 (Iowa 2014). Rather, the challenge simply affects the enforceability of the particular sentence, and in such a case, the defendant is entitled to be resentenced appropriately under existing law. *Kurtz*, 854 N.W.2d at 479. Moreover, here, our court explicitly rejected Bender's contention that his 2001 conviction should be vacated. *See Bender*, 2013 WL 2368826, at *3 ("We also reject Bender's pro se argument that due to a violation of Iowa Code section 708.4(2) his conviction should be vacated. We agree with the State's argument that the time for appeal of that conviction has passed and affirm the conviction.").

Accordingly, the illegality of Bender's sentence for the 2001 conviction did not affect the conviction itself. Because Bender's 1996 conviction and 2001 conviction preceded his 2007 convictions, the habitual offender enhancements were not in error. We affirm the district court's denial of Bender's motions to correct an illegal sentence.

**AFFIRMED.**