# IN THE COURT OF APPEALS OF IOWA

No. 21-1717
Filed August 17, 2022

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**REGINALD CRESHAWN DOSS,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Polk County, Jeffrey Farrell, Judge.

A defendant appeals his conviction and sentence for possession of marijuana with intent to deliver, in violation of Iowa Code section 124.401(1)(d) (2021). **CONVICTION AFFIRMED, SENTENCE VACATED, AND REMANDED FOR RESENTENCING.**

Austin Jungblut of Parrish, Kruidenier, Dunn, Gentry, Brown, Bergmann & Messamer L.L.P., Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Zachary Miller, Assistant Attorney General, for appellee.

Considered by Ahlers, P.J., Chicchelly, J., and Danilson, S.J.*

**CHICCHELLY, Judge.**

Reginald Doss appeals his conviction and sentence for possession of marijuana with intent to deliver, in violation of Iowa Code section 124.401(1)(d) (2021). He disputes the sufficiency of the evidence, propriety of an officer's testimony, and sentence imposed. Finding the first two arguments without merit, we affirm the conviction. Because there was a defect in sentencing, we vacate the sentence imposed and remand for resentencing.

## I.    *Background Facts and Proceedings.*

On March 29, 2021, a plain-clothed police officer observed Doss walk from a restaurant to his vehicle, open and close his gas cap, and begin to drive away. The officer knew Doss had an active arrest warrant and relayed his observation to dispatch. After a uniformed officer arrived, the two officers detained and arrested Doss without incident. The officers reported a strong smell of marijuana upon approaching the vehicle. They seized a plastic bag containing three individual baggies of marijuana from inside the gas cap. Each baggie held a similar weight of marijuana—3.27, 3.27, and 3.34 grams. Inside the vehicle, they found two boxes of sandwich baggies, three cell phones, and $4800 cash. They also found a bottle of cologne that looked like a cigar. At trial, an officer testified that 3.50 grams is a common increment to sell narcotics but that some dealers sell light bags. A jury convicted Doss of possessing marijuana with intent to deliver.

The State initially charged Doss as a habitual offender based on prior felony convictions in Iowa and Illinois. Doss stipulated to his Iowa convictions but claimed there was insufficient evidence to confirm those in Illinois. The three Iowa convictions could only constitute one felony for purposes of the habitual offender

sentencing enhancement because they were entered on the same date. *See State v. Hollins*, 310 N.W.2d 216, 217 (Iowa 1981). The court granted the State's motion for a continuance in order to prove up the Illinois convictions. Before a sentencing hearing could be held, the State agreed to drop the habitual offender enhancement. Doss signed a waiver allowing for written sentencing without personal presence, which acknowledged that the State dropped the enhancement and would recommend a five-year term of incarceration. Doss never made a recommendation as to his sentence. The court entered a written order sentencing Doss to a term of incarceration not to exceed five years. Doss filed a timely appeal.

## II.    Review.

We review challenges to the sufficiency of the evidence for correction of errors at law. *State v. Ernst*, 954 N.W.2d 50, 54 (Iowa 2021). We view the evidence in the light most favorable to the State, taking into consideration all reasonable inferences that could fairly be made by the jury. *Id.* We will uphold the conviction if supported by substantial evidence, which "exists when the evidence 'would convince a rational fact finder the defendant is guilty beyond a reasonable doubt.'" *Id.* (citation omitted).

As for the testimony Doss challenges, we review evidentiary issues for an abuse of discretion. *See State v. Dessinger*, 958 N.W.2d 590, 597 (Iowa 2021).

We review sentencing orders for abuse of discretion when the sentence is within statutory limits. *State v. Guise*, 921 N.W.2d 26, 30 (Iowa 2018). Abuse of discretion occurs when "the district court exercises its discretion on grounds or for reasons that were clearly untenable or unreasonable." *Id.* (citation omitted).

### III. Discussion.

#### A. Sufficient Evidence.

Doss argues there is insufficient evidence to support the intent-to-deliver element of his conviction. He points out that all three baggies seized contained approximately the same amount of marijuana, which totaled less than ten grams and was consistent with personal usage. However, additional circumstantial evidence—the individual wrapping of the marijuana, as well as the phones, additional baggies, and cash in Doss's possession—tips the scales toward an intent to deliver. *See State v. Clarke*, 475 N.W.2d 193, 197 (Iowa 1991) ("Circumstantial evidence is particularly valuable when proving a mental state like intent which is seldom susceptible to proof by direct evidence."); *State v. Adams*, 554 N.W.2d 686, 692 (Iowa 1996) (upholding a conviction when a small amount of drugs was combined with a large amount of cash because the jury could reasonably infer some drugs were already sold).

The jury was free to believe Doss obtained the marijuana for personal usage rather than distribution. *See State v. Thomas*, 847 N.W.2d 438, 442 (Iowa 2014) (noting the fact finder is "free to reject certain evidence, and credit other evidence" (citation omitted)). As a threshold matter, however, there is sufficient evidence for a rational fact finder to find Doss guilty beyond a reasonable doubt. Therefore, we affirm his conviction.

#### B. Plain Error.

Doss argues a law enforcement officer impermissibly testified to the ultimate fact of his guilt or innocence by stating directly that the evidence was consistent with an intent to deliver. Doss concedes this issue was not properly preserved for

our review. He urges us to overlook this shortcoming by adopting plain error review. However, the Iowa Supreme Court ruled just last year: "We have repeatedly rejected plain error review and will not adopt it now." *State v. Treptow*, 960 N.W.2d 98, 109 (Iowa 2021); *accord State v. Rutledge*, 600 N.W.2d 324, 325 (Iowa 1999) ("We do not subscribe to the plain error rule in Iowa, have been persistent and resolute in rejecting it, and are not at all inclined to yield on the point."). We decline to disturb such steadfast precedent without further guidance from our supreme court.

### C. Sentencing Discretion.

Doss alleges the district court abused its discretion in sentencing him to a term of incarceration not to exceed five years. He alleges the court relied on an inappropriate factor because a box was checked on the court's order of disposition indicating there was a joint sentencing recommendation when, in fact, there was no joint recommendation. Specifically, the checked box read:

> **WRITTEN SENTENCING.** Consistent with the record made herein, Defendant knowingly and voluntarily waives right to be present and make a formal record at sentencing and requests the Court instead proceed on this matter in writing and adopt the parties joint sentencing recommendation as set forth in the parties' filings. The Court accepts Defendant's waivers and request. The Court shall adopt the parties' joint sentencing recommendation and shall proceed in this matter based on the filings of the parties and pursuant to the authority granted by the orders of the Iowa Supreme Court in light of the COVID-19 pandemic.

The State points to the Iowa Supreme Court order of May 22, 2020, regarding provisions for COVID-19 for authority to proceed with written sentencing. However, this order—and the most recent order in effect at the time of Doss's sentencing—permitted written sentencing "where the

prosecutor and defendant have reached an agreement as to sentence." *See* Iowa Supreme Ct. Supervisory Order, *In the Matter of Ongoing Provisions for Coronavirus/COVID-19 on Court Services* ¶ 17 (Nov. 24, 2020), *available at* https://www.iowacourts.gov/collections/585/files/1248/embedDocument/. The State acknowledges there was no joint sentencing recommendation by the parties. Therefore, an erroneous application of law occurred when the district court proceeded with written sentencing. "A ground or reason [for exercising sentencing discretion] is untenable when it is not supported by substantial evidence or when it is based on an erroneous application of the law." *State v. Putman*, 848 N.W.2d 1, 7 (Iowa 2014) (citation omitted). Because written sentencing was impermissible absent a joint recommendation, we vacate Doss's sentence and remand for resentencing.

## IV. Disposition.

Because sufficient evidence supports the defendant's conviction and error was not preserved on his evidentiary challenge, we affirm Doss's conviction. We vacate Doss's sentence and remand for resentencing due to an erroneous application of the law.

**CONVICTION AFFIRMED, SENTENCE VACATED, AND REMANDED FOR RESENTENCING.**

Ahlers, P.J., concurs; Danilson, S.J., concurs specially.

**DANILSON, S.J. (concurring specially).**

I concur specially to add that the validity of a sentencing order where the defendant's presence is waived is highly dependent on the paper trail leading up to the issuance of the sentencing order. Here, there may well have been an agreement of a joint sentencing recommendation, and the court may have followed that recommendation, but the waiver of presence document misstates the existence of a "plea agreement" and the terms of the agreement are not sufficiently explicit.