**STATE of Iowa, Appellee,**

v.

**Ronald Michael CONLEY, Appellant.**

**No. 56929.**

Supreme Court of Iowa.

Oct. 16, 1974.

Walter W. Rothschild, Waterloo, for appellant.

Richard C. Turner, Atty. Gen., David E. Linquist, Asst. Atty. Gen., and Robert L. Rausch, County Atty., for appellee.

Heard by MOORE, C. J., and REES, UHLENHOPP, HARRIS and McCORMICK, JJ.

McCORMICK, Justice.

Defendant appeals his sentence as an habitual criminal under Code § 747.5. The determinative question, one of first impression in this state, is whether the statute is applicable when both of the prior offenses involved were committed before defendant was convicted and sentenced for either of them. Trial court held it is. We reverse and remand because we hold it is not.

Code § 747.5 provides:

"Whoever has been twice convicted of crime, sentenced, and committed to prison, in this or any other state, or by the United States, or once in this state and once at least in any other state, or by the

United States, for terms of not less than three years each shall, upon conviction of a felony committed in this state after the taking effect of this section, be deemed to be a habitual criminal, and shall be punished by imprisonment in the penitentiary for a term of not more than twenty-five years, provided that no greater punishment is otherwise provided by statute, in which case the law creating the greater punishment shall govern."

The statute was enacted in 1902. Acts 29 G.A., ch. 152, § 1. Two related provisions were enacted with it. They are Code §§ 747.6 and 747.7. Acts 29 G.A., ch. 152, §§ 1, 2. The only amendment to the statute was in 1921 when the penalty provision was changed from a minimum to a maximum term to conform with the indeterminate sentence law. Acts 39 G.A., ch. 231, § 17.

The material facts are that defendant was charged in the Black Hawk County District Court on March 26, 1973, with assault with intent to inflict great bodily injury in violation of Code § 694.6, and with being an habitual criminal in violation of Code § 747.5. The prior convictions relied on as predicates for the habitual criminal charge were two convictions for breaking and entering in Black Hawk County for which defendant received ten year indeterminate sentences. The first offense occurred January 15, 1969. The second offense occurred April 28, 1969, while defendant was admitted to bail awaiting trial on the first offense. Conviction and sentence on the first offense occurred July 16, 1969. Defendant was returned from the penitentiary and convicted and sentenced on the second offense May 5, 1970. The second sentence was ordered to run concurrently with the first.

Defendant was convicted by jury on June 28, 1973, of assault with intent to inflict great bodily injury, based on an incident which occurred December 30, 1972. Another jury found defendant had been previously convicted and sentenced as alleged by the State. On July 20, 1973, defendant was sentenced as an habitual offender under Code § 747.5 to an indeterminate 25 year prison sentence.

Thus, both breaking and entering offenses occurred before defendant was convicted and sentenced for either. When he was subsequently convicted of the two offenses, his sentences were served together. Defendant contended below and contends here that Code § 747.5 does not apply in these circumstances. Although we agree with his position we do not do so for all the reasons he asserts. We believe the fact both offenses antedated both convictions is determinative, and we do not rely on the fact the sentences were served concurrently and not separately. We do not decide the effect of that fact.

Familiar principles of statutory interpretation are applicable. Penal statutes are strictly construed. Doubts are resolved in favor of the accused. State v. Kool, 212 N.W.2d 518, 520 (Iowa 1973); State v. McCarty, 210 Iowa 173, 230 N.W. 379 (1930) (habitual criminal statutes must be strictly construed). The goal of interpretation is to ascertain legislative intent in order, if possible, to give it effect. In searching for legislative intent, we consider the objects sought to be accomplished as well as the language used and place a reasonable construction on the statute which will best effect its purpose. State v. Prybil, 211 N.W.2d 308, 311 (Iowa 1973).

■ Here the statute defines the conditions for its application. In doing so it makes the nature of the disposition of the two prior convictions determinative of their use as predicates for the greater penalty upon a third conviction. The defendant must have been on each prior occasion "convicted of crime, sentenced, and committed to prison * * * for [a term] of not less than three years * * *." Significantly, the statute emphasizes conviction and disposition of the prior offense. There can be no recidivism until after conviction of crime

and imposition of penalty. State v. Johnson, 109 N.J.Super. 96, 262 A.2d 238 (1970).

■■ Recidivist statutes are enacted in an effort to deter and punish incorrigible offenders. State v. Dowden, 137 Iowa 573, 115 N.W. 211 (1908); State of Iowa ex rel. Gregory v. Jones, 128 F. 626 (D.Iowa 1904). They are intended to apply to persistent violators who have not responded to the restraining influence of conviction and punishment. State v. Faull, 178 Wis. 66, 189 N.W. 274 (1922).

In accordance with this logic each conviction and sentence which serves as a predicate for application of an habitual criminal statute is viewed as separate warning. Even though the statute is silent on the point, it follows that the offense, conviction, and imposition of penalty must precede each succeeding offense, conviction, and imposition of penalty for the statute to be applicable.

Under an Indiana statute similar to Code § 747.5, the Supreme Court of Indiana said:

"The purpose of our habitual criminal statute is to give offenders due warning by conviction, sentencing and imprisonments of the consequences of persistence in criminality, and we hold that before one may be sentenced under such statute, it must be shown that he has previously been twice convicted, twice sentenced and twice imprisoned for felony, that the commission of the second offense was subsequent to his imprisonment upon conviction for the first and that the commission of the principal offense was subsequent to his imprisonment upon conviction for the second." Cooper v. State, 284 N.E.2d 799, 803 (Ind.1972).

This is the general rule. Moore v. Coiner, 303 F.Supp. 185 (N.D.W.Va.1969); Perry v. Mayo, 72 So.2d 382 (Fla.1954); House v. Commonwealth, 466 S.W.2d 949 (Ky.1971); State v. Harrison, 359 Mo. 793, 223 S.W.2d 476 (1949); Ferrell v. State, 397 S.W.2d 86 (Tex.Cr.App.1965); Dye v. Skeen, 135 W.Va. 90, 62 S.E.2d 681 (1950), and citations; Annot., 24 A.L.R.2d 1247 et seq.

■ In light of its purpose, and applying the principle of strict construction, we hold in accordance with the general rule that under § 747.5 the first conviction and imposition of sentence must precede the second offense, and that both of the prior convictions and impositions of sentence must precede the third conviction.

That sequence does not exist in this case. The incidents resulting in the first and second convictions each occurred before conviction and imposition of penalty for the first offense. Therefore Code § 747.5 is inapplicable. Defendant should have been sentenced under the penalty provisions of Code § 694.6.

Reversed and remanded for resentencing.