STATE of Iowa, Appellee,

v.

Clyde HOLLINS, Appellant.

No. 64879.

Supreme Court of Iowa.

Sept. 23, 1981.

Jorge Gomez, Jr. of Gomez, Feuerbach, May & Pries, Davenport, for appellant.

Thomas J. Miller, Atty. Gen., Shirley Ann Steffe, Asst. Atty. Gen., and William E. Davis, Scott County Atty., for appellee.

Considered by LeGRAND, P. J., and HARRIS, McCORMICK, ALLBEE, and LARSON, JJ.

HARRIS, Justice.

In *State v. Conley*, 222 N.W.2d 501, 503 (Iowa 1974), we interpreted our then-existing recidivism statute, section 747.5, The Code 1973. We held that, in order to invoke the provisions of that statute and impose sentence as such upon an habitual offender, the "first conviction and imposition of sentence must precede the second offense and that both of the prior convictions and impositions of sentence must precede the third conviction." *Id.* We must now interpret our present recidivism statute, section 902.8, The Code 1981. Noting a change in the statutory language, the trial court correctly held that the provisions of the present recidivism statute are triggered by convictions alone and not by any resulting prior sentences or commitments to prison. The trial court then concluded that two prior convictions which occurred on the same day sufficed as separate prior convictions, resulting in habitual offender status upon this third conviction. We believe this conclusion was error.

Defendant was charged, tried and convicted in Scott County with two unrelated counts of the crime of sexual abuse in the third degree in violation of section 709.4, The Code 1981. He was also alleged to be an habitual offender under section 902.8, The Code. After a jury found him guilty of the two main counts defendant admitted he was the same man who had previously been convicted of two counts of rape in violation of section 698.1, The Code 1975. The earlier convictions, though apparently unrelated, occurred on the same day, September 26, 1976, in Pottawattamie County.

Accordingly, defendant was sentenced as an habitual offender under each of the present convictions in Scott County. Under count I he was sentenced to incarceration of not more than 15 years. Under count II, also pursuant to the recidivism statute, he was sentenced to another term of 15 years. Sentences were ordered to run consecutively. In addition the court ordered that the minimum three year sentences contemplated in the recidivism statute, section 902.8, should also run consecutively.

I. Section 747.5, The Code 1973, which we interpreted in *Conley*, read as follows:

> Whoever has been *twice convicted of crime, sentenced, and committed to prison*, in this or any other state, or by the United States, or once in this state and once at least in any other state, or by the United States, for terms of not less than three years each shall, upon conviction of a felony committed in this state after the taking effect of this section, be deemed to be a habitual criminal, and shall be punished by imprisonment in the penitentiary for a term of not more than twenty-five years, provided that no greater punishment is otherwise provided by statute, in which case the law creating the greater punishment shall govern. [Emphasis added.]

In considering that statute we said:

> Here the statute defines the conditions for its application. In doing so it makes the nature of the disposition of the two prior convictions determinative of their use as predicates for the greater penalty upon a third conviction. The defendant must have been on each prior occasion "convicted of crime, sentenced, and committed to prison ... for [a term] of not less than three years ...." Significantly, the statute emphasizes conviction and disposition of the prior offense. There can be no recidivism until after conviction of crime and imposition of penalty. [Authority.]

*Conley*, 222 N.W.2d at 502–03. Applying the rule from *Conley*, in *State v. Tillman*, 228 N.W.2d 38, 41 (Iowa 1975), we said:

Our statute dictates that each offense must have been complete as to conviction, sentence and commitment to prison before the commission of the next in order that it qualify for application of the enlarged punishment of § 747.5.

As part of our massive criminal code revision in 1975 our former recidivism statute was repealed and section 902.8, The Code 1981, enacted. It provided:

> An habitual offender is any person convicted of a class "C" or a class "D" felony, who has twice before been convicted of any felony in a court of this or any other state, or of the United States. An offense is a felony if, by the law under which the person is convicted, it is so classified at the time of his or her conviction. A person sentenced as an habitual offender shall not be eligible for parole until he or she has served the minimum sentence of confinement of three years.

The question now is whether the rule in *Conley* and *Tillman* should persist notwithstanding the change in statutory language. The present section unquestionably changes the requirements of the showing necessary to constitute an habitual offender. This defendant, however, still does not qualify. Sentences and commitments for prior offenses need not be shown in order to impose the enhanced punishment for an habitual offender under the new statute. The trial court was right in so holding. But this leaves unanswered the question of whether the new statute requires that the first conviction must precede the commission of the second offense. Here defendant pled guilty to both of the first two offenses on the same day; he was not convicted of the first offense before he committed the second.

The rule generally followed is that "... each succeeding conviction must be subsequent in time to the previous convictions, both with respect to commission of the offense and to conviction." 39 Am.Jur.2d, Habitual Criminals, Etc., § 6, p. 314; *see also* 24B C.J.S. Criminal Law § 1960(5) p. 467; Annot., 24 A.L.R.2d 1247 (1952). Under our present statute we subscribe to this

general rule. Under it we hold defendant's prior two convictions did not trigger the operation of the habitual offender statute. Accordingly it was error for the trial court to sentence defendant as an habitual offender.

What we have said makes it unnecessary for us to consider defendant's other assignments of error. While defendant's convictions of sexual abuse in the present case are unaffected, it is necessary that the case be remanded for resentence in accordance with the views expressed in this opinion.

REVERSED IN PART AND REMANDED FOR RESENTENCE.