**Matthew Q. HAJEK, Appellant,**

v.

**IOWA STATE BOARD OF PAROLE, Appellee.**

No. 86–1772.

Supreme Court of Iowa.

Oct. 21, 1987.

Barbara A. Schwartz, Iowa City, and Craig Williams, Student Legal Intern, for appellant.

Thomas J. Miller, Atty. Gen., and Thomas D. McGrane, Asst. Atty. Gen., for appellee.

HARRIS, Justice.

The term "prior conviction" has been the subject of interpretation in a number of our

cases under the recidivism statute (now Iowa Code section 902.8 (1987)). The term also appears in Iowa Code section 906.5[1] which limits parole possibilities for persons serving a criminal sentence. The question here is whether the term should have the same meaning in the parole provision as we have given it under the recidivism statute. We think the legislature intended for the term to be interpreted the same in both statutes.

Defendant Hajek was charged with a robbery which took place in Cedar Rapids on April 21, 1985. While the charge was pending he was released on bond. On August 29th he pled guilty to second-degree robbery, a forcible felony. Sentencing was set for a later date.

On August 30th, while still free on bond, Hajek committed a burglary. On October 16, 1985, he was sentenced to a ten-year indeterminate sentence for the April 21st robbery. On April 4, 1986, Hajek was convicted of second-degree burglary for the August 30th offense. He was given a ten-year indeterminate term with credit for time served, the sentence to run concurrently with the robbery sentence.

When he applied for parole Hajek was advised by the board of parole that his robbery conviction had been construed by the board as a prior conviction for a forcible felony, thus invoking the mandatory minimum term provided by Iowa Code section 906.5.

Hajek unsuccessfully challenged this interpretation by an administrative appeal and then brought this petition for judicial review. The district court affirmed the agency action and Hajek has appealed to us.

I. Inmates may appeal to district court from a parole board determination that section 906.5 is an impediment to their chances for parole. *Mead v. Iowa State Bd. of Parole,* 331 N.W.2d 102, 103 (Iowa 1983). In reviewing a district court's opinion upon judicial review we determine whether the district court correctly applied the law. *Polk County Drainage Dist. Four v. Iowa*

*Natural Resources Council,* 377 N.W.2d 236, 239 (Iowa 1985). In order to make that determination we review the agency action as the district court should have pursuant to Iowa Code section 17A.19(8). *Mary v. Iowa Dep't of Transp.,* 382 N.W.2d 128, 131 (Iowa 1986).

II. Iowa Code section 906.5 states, in relevant part:

> If the person who is under consideration for parole is serving a sentence for conviction of a felony and has a criminal record of one or more *prior convictions* for a forcible felony ..., parole shall be denied unless the person has served at least one-half of the maximum term of the defendant's sentence. However, the mandatory sentence provided for by this section shall not apply if the sentence being served is for a felony other than a forcible felony and the sentences for the prior forcible felonies expired at least five years before the date of conviction for the present felony.

(Emphasis added.) The question is whether a person who has entered a guilty plea, but upon whom judgment has not yet been pronounced, has a prior conviction within the meaning of section 906.5.

The general rule is that criminal recidivism statutes which enhance punishment apply only when the second offense occurs after the imposition of judgment and sentence on the first offense. *State v. Hollins,* 310 N.W.2d 216, 217 (Iowa 1981). *See also* 4 Wharton's Criminal Procedure, Punishment § 631 (12th ed. 1976 & Supp.1986). The rationale for this rule is that recidivism statutes are intended to punish violators who have not responded to the restraining influence of conviction and punishment. *State v. Conley,* 222 N.W.2d 501, 503 (Iowa 1974); *see also State v. Robinson,* 262 N.W.2d 270, 271 (Iowa 1978). Under the rule two or more convictions on the same day cannot be cumulated so as to count as two or more previous convictions within the meaning of habitual criminal statutes. *See Hollins,* 310 N.W.2d at 218.

---

**1.** References are to the 1985 Code.

The board argues that section 906.5 is not a penal statute and thus is not subject to strict construction. The purpose of the statute, according to the board, is not to punish offenders but rather to protect the public. With this purpose in view, the board argues, the term "prior convictions" should not suffer the same limited interpretation accorded it in penal statutes.

The questions we face can usually be argued both ways and this question is no exception. But we think Hajek has the better argument. Although it is certainly no iron-bound rule, we are reluctant to ascribe different meanings to the same term, even when it appears in different statutes. Laws can be more readily understood and uniformly applied when terms do not shift in meaning from one statute to another.

Under Hajek's interpretation the term "prior convictions" means only convictions which were accomplished at a previous point in time. Under the board's interpretation any forcible felony conviction (not outdated) would qualify as a prior conviction. But the board's interpretation omits any use of the word "prior." All existing convictions necessarily occurred before the time the board sits and considers them. Thus the board's interpretation would render "prior" redundant and meaningless. This would be contrary to the rule which presumes the legislature does not intend for words to be redundant. *State v. Pinckney*, 306 N.W.2d 726, 728 (Iowa 1981).

We do not subscribe to the board's contention that the purpose of penal laws differs greatly from the purpose of parole laws. Punishment of criminals is not, as the board would have it, a mere matter of retribution. Whatever their success rate, penal statutes are aimed at much more than this. Goals also include a hope of reformation and a hope of deterrence. The overriding consideration of both penal and parole statutes is to protect the public interest.

We conclude that the term "prior convictions," used in section 906.5, does not refer to charges in which judgment had not yet been pronounced.

REVERSED.

All Justices concur except SNELL, J., who takes no part.