# In the Iowa Supreme Court

---

No. 24–1848

Submitted April 15, 2026—Filed May 29, 2026

---

**State of Iowa**,

Appellee,

vs.

**Richard Allen Sharples,**

Appellants,

---

On review from the Iowa Court of Appeals.

Appeal from the Iowa District Court for Scott County, Jeffrey C. McDaniel, judge.

A criminal defendant seeks further review of a court of appeals decision that affirmed the habitual offender enhancement to his sentence. **Decision of Court of Appeals Vacated; District Court Judgment Affirmed.**

Waterman, J., delivered the opinion of the court, in which Mansfield, McDonald, and May, JJ., joined. Oxley, J., filed a dissenting opinion, in which Christensen, C.J., and McDermott, J., joined.

Martha J. Lucey, State Appellate Defender, and Mary K. Conroy, Assistant Appellate Defender, for appellant.

Brenna Bird, Attorney General, and David Banta and Linda J. Hines (until withdrawal), Assistant Attorneys General, for appellee.

**Waterman, Justice.**

This case turns on three burglaries: one in Washington, charged in January of 2014 that resulted in a conviction in August of 2015; one in Oregon, charged in October of 2014 that resulted in a conviction in April of 2015; and one in Iowa, charged in May of 2024, that concluded with a guilty plea entered in November of 2024. It is from this guilty plea that Richard Sharples appeals. He argues that the district court made two mistakes when it sentenced him: (1) it incorrectly applied the "habitual offender" enhancement in Iowa Code section 902.8 (2024), and (2) it considered improper sentencing factors. The court of appeals found no error in the district court's sentencing order. On our review, we apply the plain text of Iowa Code section 902.8 to affirm the enhancement. And we conclude that Sharples failed to show that the sentencing court relied on improper sentencing factors.

**I. Factual and Procedural Background.**

Between 9:00 a.m. and 1:00 p.m. on May 1, 2024, Sharples burgled three houses in Davenport, Iowa. On May 9, Davenport police located and arrested Sharples. On May 17, the State charged Sharples by trial information with three counts of burglary in the third degree, two counts of criminal mischief in the second degree, one count of burglary in the second degree, and one count of theft in the second degree.

Sharples pleaded guilty on August 8 to three counts of burglary in the third degree and one count of burglary in the second degree. As part of the plea bargain, he agreed to be sentenced as a habitual offender for the charge of burglary in the second degree.

Iowa Code Section 902.8 defines a habitual offender as:

> An habitual offender is any person convicted of a class "C" or a class "D" felony, who has twice before been convicted of any felony

in a court of this or any other state, or of the United States. An offense is a felony if, by the law under which the person is convicted, it is so classified at the time of the person's conviction. A person sentenced as an habitual offender shall not be eligible for parole until the person has served the minimum sentence of confinement of three years.

In short, before the sentencing enhancement can apply, the defendant must have two qualifying prior felony convictions.

Sharples's qualifying prior felonies occurred in other states. Sharples committed the first felony (the Washington case) (a residential burglary) in Clark County, Washington, and the second felony (the Oregon case) (three counts of burglary, identity theft, and theft in the first degree) in Multnomah County, Oregon. In this appeal, Sharples relies on the sequence of these cases to challenge the district court's application of the habitual offender sentencing enhancement: the Washington case was initiated in January of 2014, and Sharples was convicted in August of 2015; the Oregon case was initiated in October of 2014, and Sharples was convicted in April of 2015. Sharples argues that these prior convictions cannot be used for the habitual offender enhancement under our cases construing section 902.8 because he committed the Oregon burglary before he was convicted of the Washington burglary.

During his Iowa plea colloquy, Sharples admitted committing both prior felonies:

> THE COURT: I'm getting to [the habitual offender colloquy]. So now that you have pled guilty, you also agree that you are going to stipulate that you are an habitual offender, and that sentencing enhancement is based upon the fact that you have twice before been convicted of a felony. I'm going to ask the State to identify those prior convictions that its relying upon.
>
> [THE PROSECUTOR]: Your Honor, a conviction from 2015 in Multnomah County, Oregon, for three counts of Burglary in the First Degree, Identity Theft and Theft in the First Degree, Case No. 14CR 25808 with a disposition date of April 23rd of 2015, would be the

first. We are also relying on another 2015 case from Clark County, Washington, where the defendant was convicted of Residential Burglary in Case No. 141001380 with a disposition date of August 17th of 2015.

There are also at least seven prior felony convictions from Utah, but as long as he stipulates to the two 2015 convictions, I don't think we need to go through each one of those.

THE COURT: The second 2015 conviction was from where?

[THE PROSECUTOR]: Clark County, Washington.

. . . .

THE COURT: Okay. So these prior felony convictions, the State is relying upon, Mr. Sharples, are only valid for purposes of the habitual offender enhancement if the convictions were obtained when you were represented by counsel or when you knowingly and voluntarily waived the right to counsel. If you affirm or a jury determines that you have been convicted of these prior felonies, and you were represented by counsel or waived your right to counsel, you would be subject to a sentencing enhancement as an habitual offender. Do you understand that?

[SHARPLES]: I do.

THE COURT: So we just did the plea proceedings, and I went over the penalties for the Class D Felony and the Class C Felony to which you pled guilty to. You recall that; correct?

[SHARPLES]: Yes.

THE COURT: So do you need me to repeat those penalties?

[SHARPLES]: No.

THE COURT: So those are the penalties that I discussed with you earlier without the sentencing enhancement -- without the habitual offender enhancement. Do you understand that?

[SHARPLES]: I do.

THE COURT: So with the habitual offender enhancement, the maximum possible punishment for each of those four counts is 15 years. There is a mandatory minimum sentence of three years before you are eligible for parole. Do you understand that?

[SHARPLES]: I do.

THE COURT: So in a moment, I'll give you an opportunity in open court to affirm or deny that you are the person previously convicted of the prior felonies. If you affirm the prior convictions, there will not be a jury trial on the habitual offender portion of this. Do you understand that?

[SHARPLES]: I do.

. . . .

THE COURT: Do you understand if you admit these prior convictions, you waive the rights I've just explained to you?

[SHARPLES]: I understand.

THE COURT: So now that I've explained your rights, and you have heard the convictions the State is attempting to use for the habitual offender enhancement, I will give you the opportunity to affirm or deny those convictions. Are you the same person that [the prosecutor] identified in the 2015 case from Oregon 14CR 25808?

[SHARPLES]: Yes.

THE COURT: And are you the same person identified in the 2015 case from Clark County, Washington, as Case No. 141001380?

[SHARPLES]: Yes.

. . . .

THE COURT: Okay. So the Court finds that Mr. Sharples has knowingly, voluntarily and intelligently affirmed the two prior convictions upon which the State relies, and therefore, he does qualify as an habitual offender under Iowa law.

Sharples's was an open sentencing, meaning that the parties were welcome to argue for any legal sentence.

At the sentencing hearing, the State requested that the court impose consecutive terms of incarceration amounting to sixty years in prison with a mandatory minimum imprisonment of twelve years. Sharples asked for probation. The district court imposed its sentence, stating:

THE COURT: Mr. Sharples is 52 years of age and has an extensive criminal history as documented in the PSI. Based upon

the nature of your offenses and your criminal history, incarceration is appropriate. Unfortunately, rehabilitation within the community is not likely, and the Court is convinced that probation is not appropriate, the reasons being that notwithstanding your multiple convictions for burglary, you have not changed your lifestyle, notwithstanding the fact that there was a gap between your past burglary and your present burglaries; the seriousness of the crime, particularly the fact that there was an individual within the home at the time of the offense, which is an aggravating circumstance under these facts. The Court takes into consideration the victim impact statements of Ms. Rice and Mr. Galanits. The Court finds that imprisonment is necessary for both specific and general deterrence. Also telling is the fact that each of these offenses is subject to a habitual offender enhancement, which is reflective of your past criminal history, which creates a minimum and mandatory sentence.

Pursuant to your plea of guilty of the offenses in Counts 1, 2 and 5, Burglary in the Third Degree, in violation of Iowa Code Chapter 713.6A(1), it is the judgment and sentence of the Court that you are to be hereby committed to the custody of the Director of the Department of Corrections for a period not to exceed 15 years. You are further notified that you will not be eligible for parole until you've served the minimum sentence of confinement for three years. You will receive credit on your sentence for time spent in the Scott County Jail. For Counts 1, 2, and 5, those will be served concurrently.

Pursuant to your plea of guilty on the offense of Burglary in the Second Degree, Count 3, in violation of Iowa Code Chapter 713.5(1)(b), and as provided in Sections 902.3, 902.8, 902.9 of the Iowa Criminal Code, it is the judgment and sentence of the Court that you are hereby committed to the custody of the Director of the Iowa Department of Corrections for a period not to exceed 15 years. You are further notified that you shall not be eligible for parole until you have served a minimum sentence of confinement of three years. You will receive credit on your sentence for time spent in the Scott County Jail. That sentence for Count 3 shall be served consecutive with Counts 1, 2 and 5. The Court accepts the recommendation, therefore, of the State, accepting the middle ground, rather than having all four of those counts be consecutive.

The Iowa Medical Center and Classification Center at Oakdale, Iowa, is designated as the reception center to which the Defendant is to be delivered by the Sheriff. The Court makes no

recommendation as to when the Defendant should be released from incarceration, leaving it instead to the Department of Corrections to determine based upon your progress within the Institution, and of course, subject to the fact that there is a -- a minimum sentence as a Habitual Offender.

Sharples appealed, arguing that: (1) the district court imposed an illegal sentence when it applied the habitual offender enhancement because Sharples committed the second felony before his conviction on the first felony burglary, and (2) the district court considered improper factors when it determined Sharples's sentence. We transferred the case to the court of appeals, which affirmed the district court's judgment and sentence.

The court of appeals found that Sharples had not objected to—and, therefore, had consented to—the district court's sentencing procedures imposing the habitual offender enhancement. It declined to reach the merits of Sharples's argument but explained in a footnote that it doubted whether Iowa's habitual offender caselaw applied to Sharples's case because, unlike our historical cases where the defendant's qualifying felonies occurred in one state and on the same day, Sharples's qualifying convictions occurred months apart in two states. The court of appeals also determined that "[n]othing suggests that the district court considered any unproven crimes when it issued its sentence."

Sharples applied for further review, which we granted.

## II. Standard of Review.

"When faced with a claim of an illegal sentence, we must first consider whether the sentence was illegal. An illegal sentence is one not permitted by law." *State v. Parker*, 747 N.W.2d 196, 212 (Iowa 2008). We have long held that "a defendant is permitted to challenge an illegal sentence at any time." *Id.* When it does not hinge on a constitutional question, we review a challenge to an illegal

sentence for correction of errors at law. *Noll v. Iowa Dist. Ct.*, 919 N.W.2d 232, 234 (Iowa 2018).

As for claims that the district court relied on improper factors when imposing its sentence, we have stated:

> A sentence imposed by the district court is reviewed for errors at law. "Sentencing decisions . . . are cloaked with a strong presumption in their favor." "A sentence will not be upset on appellate review unless the defendant demonstrates an abuse of trial court discretion or a defect in the sentencing procedure, such as trial court consideration of impermissible factors."

*State v. Grandberry*, 619 N.W.2d 399, 401 (Iowa 2000) (en banc) (omission in original) (citations omitted) (quoting *State v. Loyd*, 530 N.W.2d 708, 713 (Iowa 1995)). But, if the district court relies on an improper sentencing factor, even as a secondary consideration, then we require the district court to resentence the defendant. *State v. Goble*, 4 N.W.3d 700, 704 (Iowa 2024). The burden is on the defendant to affirmatively demonstrate that the district court relied on an improper factor. *Id.*

**III. Analysis.**

Sharples attacks his sentence both because the district court allegedly imposed an illegal sentence and because it allegedly relied on an impermissible sentencing factor. We will address these issues in turn.

**A. The Habitual Offender Enhancement.** Sharples argues that the district court imposed an illegal sentence when it sentenced him as a habitual offender. Unlike the court of appeals, we reach and decide this issue on the merits. "[I]llegal sentence challenges are not subject to the general rules regarding waiver and error preservation." *State v. Gale*, 21 N.W.3d 151, 155 (Iowa 2025). "What's more, '[b]ecause an illegal sentence is void, it is subject to attack *even if* the defendant invited it or even specifically requested it." *Id.*

(alteration in original) (quoting *State v. Chawech*, 15 N.W.3d 78, 85 (Iowa 2024)). So Sharples's failure to object to the enhancement at his sentencing hearing does not preclude appellate review. The State agrees that we may reach the merits.

Sharples primarily relies on *State v. Conley*, 222 N.W.2d 501 (Iowa 1974), *State v. Hollins*, 310 N.W.2d 216 (Iowa 1981), and *State v. Parker*, 747 N.W.2d 196. In those cases, we held that, under our habitual offender statute, the sentencing court cannot impose an enhanced sentence unless the defendant's qualifying felonies occurred in a certain sequence.

We adopted the existing rule in *Conley* when interpreting Iowa's then-controlling habitual offender statute. 222 N.W.2d at 502–03. At the time, Iowa Code section 747.5 (1973)[1] provided:

> Whoever has been twice convicted of crime, sentenced, and committed to prison, in this or any other state, or by the United States, or once in this state and once at least in any other state, or by the United States, for terms of not less than three years each shall, upon conviction of a felony committed in this state after the taking effect of this section, be deemed to be a habitual criminal, and shall be punished by imprisonment in the penitentiary for a term of not more than twenty-five years, provided that no greater punishment is otherwise provided by statute, in which case the law creating the greater punishment shall govern.

We applied "[f]amiliar principles of statutory interpretation" to address the requisite sequence of the prior crimes. *Conley*, 222 N.W.2d at 501–02. We went on to state:

> Here the statute defines the conditions for its application. In doing so it makes the nature of the disposition of the two prior convictions determinative of their use as predicates for the greater penalty upon a third conviction. The defendant must have been on each prior occasion "convicted of crime, sentenced, and committed to prison . . . for [a term] of not less than three years . . . ." Significantly, the statute emphasizes conviction and disposition of

---

[1]The current habitual offender statute is 902.8 (2024).

the prior offense. There can be no recidivism until after conviction of crime and imposition of penalty.

*Id.* at 502–03 (alteration and omissions in original). We then concluded:

> In accordance with this logic each conviction and sentence which serves as a predicate for application of an habitual criminal statute is viewed as separate warning. Even though the statute is silent on the point, it follows that the offense, conviction, and imposition of penalty must precede each succeeding offense, conviction, and imposition of penalty for the statute to be applicable.

*Id.* at 503.

In 1976, the general assembly overhauled the Iowa Criminal Code, replacing the above-cited habitual offender statute with Iowa Code section 902.8 (Supp. 1977), which stated:

> An habitual offender is any person convicted of a class C or a class D felony, who has twice before been convicted of any felony in a court of this or any other state, or of the United States. An offense is a felony if, by the law under which the person is convicted, it is so classified at the time of his or her conviction. A person sentenced as an habitual offender shall not be eligible for parole until he or she has served the minimum sentence of confinement of three years.

*See* 1976 Iowa Acts ch. 1245 (ch. 3), § 208. We interpreted the new Code provision in *Hollins*, 310 N.W.2d 216.

In *Hollins*, the defendant had been convicted of two felonies for rape entered on the same day. *Id.* at 216. When he later reoffended, the district court imposed an enhanced sentence, relying on the two prior convictions. *Id.* at 216–17. The defendant appealed, arguing that his prior convictions could not be the basis for the habitual offender enhancement. *Id.* at 217. In reversing the district court's application of the sentencing enhancement, we stated:

> The rule generally followed is that ". . . each succeeding conviction must be subsequent in time to the previous convictions, both with respect to commission of the offense and to conviction." 39 Am.Jur.2d, Habitual Criminals, Etc., § 6, p. 314; see also 24B C.J.S. Criminal Law s 1960(5) p. 467; Annot., 24 A.L.R.2d 1247

(1952). Under our present statute we subscribe to this general rule. Under it we hold defendant's prior two convictions did not trigger the operation of the habitual offender statute.

*Id.* at 217–18 (omission in original).

Similarly, in *Parker*, the district court imposed an enhanced sentence, the two predicate convictions having been entered on the same day. 747 N.W.2d at 212. The defendant appealed. *Id.* at 202. Unlike *Hollins*, one of the defendant's qualifying convictions had already been enhanced under the habitual offender statute. *See id.* at 212. Reviewing Parker's claims, we first affirmed our holding in *Hollins*, writing:

> Under our law, an habitual offender is "any person convicted of a class 'C' or a class 'D' felony, who has twice before been convicted of any felony in a court of this or any other state, or of the United States." Iowa Code § 902.8. We have held this definition requires "each succeeding conviction must be subsequent in time to the previous convictions, both with respect to commission of the offense and to conviction." *State v. Hollins*, 310 N.W.2d 216, 217 (Iowa 1981). Consequently, the habitual offender statute only applies when conviction for the first predicate offense occurs before commission of the second predicate offense and conviction of the second predicate offense occurs before commission of the primary offense.

*Id.* at 211.

Although it was decided under a different statute, Sharples also cites *State v. Freeman*, 705 N.W.2d 286, 291 (Iowa 2005). There, too, we applied the *Hollins* rule. We wrote:

> When the legislature enacted section 124.401(5), it did so without including language to exclude the operation of the general rule that each offense must have been complete as to a conviction and sentencing before the commission of the next in order that it qualifies for the enhancement of penalty under a recidivism statute. Unless there is clear evidence to the contrary, when the legislature enacts a law, "[w]e assume the legislature knew the existing state of the law and prior judicial interpretations of similar statutory provisions." *Jahnke v. City of Des Moines*, 191 N.W.2d 780, 787 (Iowa 1971). Accordingly, we believe the rule of *Conley*, *Hollins*, and

> *Clark* is applicable to the present case. Therefore, the district court should not have considered Freeman as a third offender, because he did not commit his second offense after his first conviction.

*Id.* (alteration in original).

Sharples asks us to again apply the *Hollins* rule. He contends that, because he was charged in the Oregon case before he was convicted in the Washington case, those convictions cannot qualify him as a habitual offender.

For its part, the State does not ask us to overrule *Hollins*, and we are reticent to overrule precedent sua sponte. *Est. of McFarlin v. State*, 881 N.W.2d 51, 59 (Iowa 2016) ("We do not ordinarily overrule our precedent sua sponte."), *quoted in Goble*, 4 N.W.3d at 706. Instead, the State asks us to distinguish the *Conley–Hollins* line of cases and simply to apply the text of section 902.8, which defines habitual offender in terms of convictions, without reference to a timeline. The State notes that "[t]he language about sequential prior convictions is a remnant of a different version of the habitual offender enhancement statute." Section 902.8 now defines a habitual offender as, "[A]ny person convicted of a class 'C' or a class 'D' felony, who has twice before been convicted of any felony in a court of this or any other state, or of the United States." Iowa Code § 902.8 (2024). Sharples's prior convictions plainly support the enhancement under the statutory definition. After all, by his own admission, he committed and was convicted of two prior felonies. We apply section 902.8 as written, and limit *Hollins* and *Parker* to their facts, where the prior convictions were entered on the same day.

Sharples and the dissent rely on *State v. Woody*, 613 N.W.2d 215 (Iowa 2000) (en banc). That case is inapposite because a conviction used for the habitual offender enhancement was entered after the offense at issue. *See id.* at 218. The state conceded error. *Id.* at 217. Woody was charged with committing

a robbery in 1995. *Id.* at 216–17. "The State's allegation of habitual offender was based on convictions that occurred on February 9, 1981, and July 8, 1996." *Id.* at 218. We reversed the enhancement because the "second of those convictions occurred *after* September 16, 1995—the date of the offense at issue here." *Id.* The result in *Woody*—resentencing without the enhancement, would remain the same under our holding today. By contrast, both of Sharples's prior felony convictions were entered before he committed the Iowa offense at issue.

The dissent also relies on *State v. Lam*, 391 N.W.2d 245 (Iowa 1986), a case Sharples understandably never cites. There, we affirmed Lam's habitual offender enhancement because his prior felony convictions, "one in 1976, one in 1979 and one in 1980" all preceded his 1984 burglary offense. *Id.* at 246–47, 252. The result in *Lam* would remain the same under our analysis today.

We recently confronted a challenge to a statutory penalty enhancement in *Beecher Store, Inc. v. Iowa Department of Revenue Alcoholic Beverages Division*, 31 N.W.3d 757 (Iowa 2026). In *Beecher*, the store sold alcohol to one minor, then—minutes later—sold alcohol to another minor. *Id.* at 759. The Alcoholic Beverages Division of the Iowa Department of Revenue issued two citations to the store, the second of which carried an enhanced penalty. *Id.* The store challenged the enhancement, arguing that, because the violations occurred on the same day, mere moments apart, it could not be punished for two separate violations until it had an opportunity to amend its practices. *Id.* at 760. The store relied on the *Conley–Hollins* line of cases, as did our dissenting colleagues. *See id.* at 764–65 (Oxley, J. dissenting). Our majority opinion applied the plain text of the statute to find that the general assembly did not "add an intervening-

punishment requirement" to the statutory scheme. *Id.* at 762–63 (majority opinion). The same is true here. Unlike its predecessor, section 902.8 does not mention punishment; it only mentions the number of convictions. *See* Iowa Code § 902.8. And Sharples was undoubtedly convicted of two prior felonies.

To be sure, *Beecher* was a civil case, unburdened by the presumptions that protect defendants in criminal cases. And there are potential difficulties that could arise if any two felony convictions could trigger the habitual offender enhancement. For example: Could a criminal defendant who stole from three storage lockers in one night be sentenced as a habitual offender even though his crimes occurred in a single spree? What about a defendant who takes a plea on three criminal counts? Would he have to bargain down the habitual offender enhancement when his convictions occurred on the same day? We need not address these issues here because unlike the convictions in *Hollins* and *Parker*, which were entered against the respective defendants on the same day, Sharples's convictions were separated by months, and they occurred in different states. The purpose of the habitual offender enhancement is to stiffen criminal penalties as a deterrent to repeat offenses. That purpose is well served here. Sharples committed similar crimes in multiple states and with substantial time between his crimes, and—as part of a favorable plea bargain—he admitted committing those crimes. This is not an edge case.

Applying the plain text of our habitual offender statute, we find no error in the district court's decision to sentence Sharples as a habitual offender.

**B. Impermissible Sentencing Factors.** Sharples next argues that the district court considered an improper factor when it sentenced him. During the sentencing hearing, the State presented two victim-impact statements, one from Rice and one from Galanits. In his victim-impact statement, Galanits speculated

that Sharples had stolen financial and identification documents so that he could later steal Galanits's identity. Sharples was not charged with, nor did he plead guilty or admit to, committing identity theft.

During the sentencing colloquy, the court stated:

Mr. Sharples is 52 years of age and has an extensive criminal history as documented in the PSI. Based upon the nature of your offenses and your criminal history, incarceration is appropriate. Unfortunately, rehabilitation within the community is not likely, and the Court is convinced that probation is not appropriate, the reasons being that notwithstanding your multiple convictions for burglary, you have not changed your lifestyle, notwithstanding the fact that there was a gap between your past burglary and your present burglaries; the seriousness of the crime, particularly the fact that there was an individual within the home at the time of the offense, which is an aggravating circumstance under these facts. *The Court takes into consideration the victim impact statements of Ms. Rice and Mr. Galanits. The Court finds that imprisonment is necessary for both specific and general deterrence.* Also telling is the fact that each of these offenses is subject to a habitual offender enhancement, which is reflective of your past criminal history, which creates a minimum and mandatory sentence.

(Emphasis added). Because Galanits's victim-impact statement contained uncharged and unproven offenses, and because the district court stated that it considered the victim-impact statement, Sharples argues that the district court relied on an impermissible sentencing factor, which—under our precedent—necessitates a remand for resentencing.

The State argues that the district court's statements do not indicate that it relied on impermissible sentencing factors. We agree with the State.

"It is a well-established rule that a sentencing court may not rely upon additional, unproven, and unprosecuted charges unless the defendant admits to the charges or there are facts presented to show the defendant committed the offenses." *State v. Formaro,* 638 N.W.2d 720, 725 (Iowa 2002). "If a district court improperly considers unprosecuted and unproven additional charges, we will

remand the case for resentencing." *Id.* "We will not draw an inference of improper sentencing considerations which are not apparent from the record." *Id.* "To establish reversible error based on an improper sentencing factor, the defendant is required to show that the court was not just merely aware of the factor, but that it relied on the factor in determining its sentence." *State v. McCollaugh*, 5 N.W.3d 620, 627 (Iowa 2024).

In two recent cases, we rejected similar claims that the district court relied on improper factors. In *State v. Canady*, 4 N.W.3d 661, 675 (Iowa 2024), Canady challenged his sentence because the district court allegedly relied on unproven allegations in the minutes of testimony when it sentenced him. We rejected this argument because, when it stated its reasons for imposing its chosen sentence, the district court did not mention an improper factor. *Id.* We stated: "We trust that sentencing courts will 'filter out' any improper or irrelevant material in victim-impact statements absent clear evidence to the contrary." *Id.* at 675–76 (quoting *State v. Sailer*, 587 N.W.2d 756, 764 (Iowa 1998)).

In *State v. Hallock*, 31 N.W.3d 36, 39 (Iowa 2026), the defendant challenged her sentence because the district court allegedly relied on unproven allegations in a victim-impact statement. We reiterated "that sentencing judges are generally capable of sorting through [victim-impact statements] on their own." *Id.* at 43. We reach the same conclusion here.

The victim-impact statements contained numerous well-supported claims. The district court was within its discretion to consider those. At no point did Sharples seek clarification as to what parts of the victim-impact statements the district court was considering. The district court's colloquy was "complete in itself and [did] not mention an improper factor." *Canady*, 4 N.W.3d at 675.

Sharples failed to demonstrate that the district court relied on an impermissible sentencing factor.

**IV. Conclusion.**

For the reasons stated above, we vacate the decision of the court of appeals, and we affirm the district court's judgment and sentence.

**Decision of Court of Appeals Vacated; District Court Judgment Affirmed.**

Mansfield, McDonald, and May, JJ., join this opinion. Oxley, J., files a dissenting opinion, in which Christensen, C.J., and McDermott, J., join.

**Oxley, Justice (dissenting).**

We have long applied "[t]he rule generally followed" for recidivist statutes to Iowa Code section 902.8 (2024). *State v. Hollins*, 310 N.W.2d 216, 217–18 (Iowa 1981). The State didn't ask us to overrule that well-established history. And while the majority pretends it is not doing so, that is exactly what it does. In its effort to appear otherwise, the majority takes up the State's suggestion to "distinguish" *State v. Hollins* based on its facts, purportedly limiting recidivist principles to prior convictions entered on the same day and treating those as a single conviction for habitual offender purposes. But that distinction doesn't follow from the legal framework we applied in *Hollins*, which we cannot ignore. *Cf. Rarick v. Smidt*, ___ N.W.3d ___, ___, 2026 WL 1441855, at *10 (Iowa May 22, 2026) (Waterman, J., concurring) (refusing to limit recent cases interpreting a new statute to a narrower holding on the basis that "[s]tare decisis is the preferred course because it promotes the evenhanded, predictable, and *consistent development of legal principles*, fosters reliance on judicial decisions, and contributes to the actual and perceived integrity of the judicial process" (emphasis added and omitted) (quoting *Payne v. Tennessee*, 501 U.S. 808, 827 (1991))).

Even so, the majority's new limitation on what it calls "the *Hollins* rule" is untenable because not all of our recidivist cases involve same-day prior convictions. *See, e.g.*, *State v. Freeman*, 705 N.W.2d 286, 291 (Iowa 2005); *State v. Woody*, 613 N.W.2d 215, 218 (Iowa 2000) (en banc); *State v. Lam*, 391 N.W.2d 245, 252 (Iowa 1986); *Hajek v. Iowa State Bd. of Parole*, 414 N.W.2d 122, 123 (Iowa 1987) (en banc); *State v. Conley*, 222 N.W.2d 501, 501 (Iowa 1974). So, the majority is still overruling our precedents, just without saying so. That

needlessly obscures our recidivism jurisprudence. The bench and the bar would be better served by directly overruling our precedent if we're not going to apply it faithfully. Finally, the majority's newly minted same-day-convictions distinction is not only contrary to its own purportedly textualist approach, but it makes us an outlier among other states.

Applying our longstanding precedent, Sharples's Oregon and Washington convictions are out of sequence. Sharples committed his second offense in Oregon before he was convicted for the offense he previously committed in Washington—and therefore before he received the corrective warning that comes with being convicted. So, only the Washington conviction qualifies as a predicate conviction for habitual offender purposes under section 902.8. Because the State failed to show that Sharples was twice before convicted of a predicate offense, I would vacate Sharples's sentence and remand for resentencing. I respectfully dissent.

## I.

Since it was enacted over fifty years ago, we have consistently interpreted Iowa Code section 902.8 as a "recidivism statute," *Hollins*, 310 N.W.2d at 216, that is "designed 'to punish violators who have not responded to the restraining influence of conviction and punishment.' " *Woody*, 613 N.W.2d at 218 (quoting *Hajek*, 414 N.W.2d at 123). What that means has long been settled. The statute's sentencing enhancement only applies when a defendant's criminal activity occurs in a specific sequence: "[E]ach succeeding conviction must be subsequent in time to the previous convictions, *both with respect to commission of the offense and to conviction.*" *Hollins*, 310 N.W.2d at 217 (emphasis added) (quoting 39 Am. Jur. 2d *Habitual Criminals* § 6, at 314 (1968)); *see also Lam*, 391 N.W.2d at 252 (rejecting the defendant's challenge to a habitual offender enhancement "on the

merits" where the "defendant was convicted of three previous felonies, one in 1976, one in 1979 and one in 1980," and "[e]ach felony conviction occurred before defendant committed the next one"). When the general assembly doesn't want recidivism principles to apply, it says so explicitly. *See, e.g., Freeman*, 705 N.W.2d at 291 ("By 1998, our cases consistently held that this state followed the general rule that each offense must be complete as to a conviction and sentencing before commission of the next in order to qualify for the enhancement of penalty under a habitual offender statute, *unless the legislature expressly provided otherwise*." (emphasis added)).

This general rule for recidivism statutes is still followed around the country. *See, e.g., Commonwealth v. Lewis*, 273 N.E.3d 173, 177–78 (Mass. 2026) (following the "majority view" that "enhancement statutes reflect a 'recidivist philosophy' in which escalating punishments are justified by a defendant's failure to reform after being punished" (quoting *Commonwealth v. Resende*, 52 N.E.3d 1016, 1026 (Mass. 2016))); *State v. Johnson*, 585 N.W.2d 486, 488–89 (Neb. Ct. App. 1998) (vacating sentence under statute imposing enhanced penalties for defendant who "was 'twice convicted of a crime' " where evidence failed to establish the proper sequence identified in *State v. Ellis*, 333 N.W.2d 391 (Neb. 1983), which "cite[d] numerous cases for the general proposition that where the sequence of prior convictions is an issue, the rule followed in the majority of jurisdictions is that each successive felony must be committed after the previous felony conviction in order to count toward habitual criminal status"); *State v. Norwood*, 832 S.E.2d 75, 82 (W. Va. 2019) (explaining that "the prosecution must prove that each offense is committed subsequent to each preceding conviction" to sustain a conviction under the recidivist provision of West Virginia Code section 61-11-18 (2000), which, similar to Iowa Code

section 908.2, provides "that such person shall have *been twice before convicted*" (emphasis added)). The majority offers no explanation for deviating from our precedent to become an outlier in the long-established construction of recidivism statutes.

II.

The majority's interpretation of section 902.8 is irreconcilable with decades of precedent. Our decision in *State v. Woody* squarely controls:

> The proper sequence does not exist here. The State's allegation of habitual offender was based on convictions that occurred on February 9, 1981, and July 8, 1996. The second of those convictions occurred *after* September 16, 1995—the date of the offense at issue here[, which was charged on July 10, 1998]. The enhanced sentence was clearly not appropriate under sections 902.8 and 902.9(2) and is therefore void.

613 N.W.2d at 218. In *Woody*, even though the defendant "admitted that he had been convicted of a felony on two previous occasions" during his plea hearing, on appeal the state "concede[d] that an enhanced sentence under Iowa Code section[] 902.8 . . . was not appropriate" because the defendant's third offense happened before his second conviction. *Id.* at 217. The majority calls *Woody* "inapposite" because its sequencing problem occurred between the second and third convictions, not the first and second. But our precedent couldn't be any clearer that the distinction makes no difference: "[Section 902.8] only applies when conviction for the first predicate offense occurs before commission of the second predicate offense *and conviction of the second predicate offense occurs before commission of the primary offense.*" *State v. Parker*, 747 N.W.2d 196, 211 (Iowa 2008) (emphasis added).

If the majority were faithful to its new interpretation of section 902.8, *Woody* would not—as the majority asserts without explanation—come out the same way. Section 902.8 applies to "*any person convicted* of a class 'C' or a

class 'D' felony, who has twice before been convicted of any felony." Iowa Code § 902.8 (emphasis added). Woody was charged in 1998 with an offense he committed in 1995. *See Woody*, 613 N.W.2d at 216–17. By the time he was charged in 1998 and pleaded guilty to the third offense committed in 1995, he had been convicted of both prior offenses: first in 1981 and then in 1996. *Id.* He admitted as such at the plea hearing. *Id.* at 217. So, if the timing didn't matter as the majority now holds, then the statutory prerequisite of two prior convictions at the time of Woody's third conviction would have been satisfied; his sentence would have been affirmed instead of reversed. Instead, we expressly relied on the recidivist nature of section 902.8 to vacate Woody's habitual offender sentencing enhancement:

> [S]ection 902.8 is a recidivist statute designed "to punish violators who have not responded to the restraining influence of conviction and punishment." *Hajek v. Iowa State Bd. of Parole*, 414 N.W.2d 122, 123 (Iowa 1987). For this reason, such statutes apply only when the previous convictions precede the commission of the current offense. *State v. Hollins*, 310 N.W.2d 216, 217–18 (Iowa 1981) (interpreting Iowa Code section 902.8); *State v. Conley*, 222 N.W.2d 501, 503 (Iowa 1974) (holding under predecessor statute that the first conviction and imposition of sentence must precede the second offense, and that both of the prior convictions and impositions of sentences must precede the third conviction).

*Id.* at 218. The majority rewrites yet another one of our precedents.

For section 902.8 to apply, "the first of the two previous felony convictions must have occurred before [the] defendant committed the second one in order for both to count for purposes of the habitual offender statute." *Lam*, 391 N.W.2d at 252; *accord Woody*, 613 N.W.2d at 217; *Hollins*, 310 N.W.2d at 217. Without that sequence, section 902.8 cannot enhance the defendant's sentence. The

majority is right that "[t]his is not an edge case." The issue has been settled and consistently applied for decades.[2]

III.

We set out the sequencing required for an enhancement under a recidivist statute for the first time in 1974. *See Conley*, 222 N.W.2d at 501. In *State v. Conley*, we addressed the original version of the habitual offender enhancement, which applied to any person who "has been twice convicted of crime, sentenced, and committed to prison . . . for terms of not less than three years each." *Id.* at 501–02 (quoting Iowa Code § 747.5 (1973)).

We said that the statutory text "makes the nature of the disposition of the two prior convictions determinative of their use as predicates for the greater penalty upon a third conviction." *Id.* at 502. The statute's "purpose" was "to give offenders due warning by conviction, sentencing and imprisonments" before applying greater punishment for a subsequent qualifying felony. *Id.* at 503 (quoting *Cooper v. State*, 284 N.E.2d 799, 803 (Ind. 1972)). "In accordance with this logic each conviction and sentence which serves as a predicate for application of an habitual criminal statute is viewed as separate warning." *Id.*

Thus, the proper sequence did not exist in *Conley* when a defendant's first offense in January 1969 didn't result in a conviction until July, which was *after* he committed a second offense in April. *Id.* at 502. It was "determinative" that he committed a second offense before receiving his first conviction. *Id.* Even though

---

[2]The court of appeals has applied the unambiguous sequencing rule from our precedent. *See, e.g.*, *State v. English*, No. 03–1784, 2004 WL 2951679, at *3 (Iowa Ct. App. Dec. 22, 2004) ("Here, English was convicted of two prior offenses. . . . The proper sequence does not exist here because his first conviction [in April 2000] did not precede the commission of the second offense, which occurred in 1999. *See Hollins*, 310 N.W.2d at 217. . . . Because the enhanced sentence was not appropriate under Iowa Code section 902.8, we remand for resentencing in accordance with the views expressed in this opinion."). And the state has often conceded that point. *See, e.g.*, *id.* ("The State concedes this point in its brief."); *see also Woody*, 613 N.W.2d at 217 ("The State concedes that an enhanced sentence under Iowa Code section[] 902.8 . . . was not appropriate.").

the defendant in *Conley* had been convicted and sentenced for two separate predicate offenses—one in 1969 and one in 1970—years before committing his third offense in 1972, only one counted as a predicate for habitual offender purposes. *Id.* We followed "the general rule" around the country and held that "the first conviction and imposition of sentence must precede the second offense, and that both of the prior convictions and impositions of sentence must precede the third conviction." *Id.* at 503. Because *Conley* involved the same fact pattern presented here, the same result should follow.

## IV.

The majority misstates the extent to which the law changed when the habitual offender enhancement was moved to section 902.8 fifty years ago. The original statute at issue in *Conley* provided:

> Whoever *has been twice convicted of crime, sentenced, and committed* to prison, in this or any other state, or by the United States, . . . shall, upon conviction of a felony committed in this state . . . be deemed to be a habitual criminal . . . .

Iowa Code § 747.5 (1973) (emphasis added). After being moved to section 902.8 in 1976, the habitual offender enhancement provided:

> An habitual offender is any person convicted of a class C or a class D felony, who *has twice before been convicted* of any felony in a court of this or any other state, or of the United States.

1976 Iowa Acts ch. 1245 (ch. 3), § 208 (emphasis added) (codified at Iowa Code § 902.8 (Supp. 1977)). It has not changed since.

The statute no longer references sentencing or imprisonment like it did at the time of *Conley*. Now, it references only the conviction—a point we recognized the first time we interpreted section 902.8. *See Hollins,* 310 N.W.2d at 216 ("[T]he trial court correctly held that the provisions of the present recidivism statute are triggered by convictions alone and not by any resulting prior sentences or

commitments to prison.”). But both statutes use the same triggering language: “Whoever *has been twice convicted* of crime, sentenced, and committed,” in Iowa Code section 747.5 (1973) (emphasis added), as compared to “any person . . . who has *twice before been convicted*,” in Iowa Code section 902.8 (2024) (emphasis added).

Acknowledging the statutory change, we expressly reaffirmed *Conley*’s sequencing requirement in *Hollins*—just limited to the sequencing of the convictions, without the need to also consider whether the defendant had been sentenced and committed:

> The question now is whether the rule in *Conley* and *Tillman* should persist notwithstanding the change in statutory language. The present section unquestionably changes the requirements of the showing necessary to constitute an habitual offender. This defendant, however, still does not qualify. Sentences and commitments for prior offenses need not be shown in order to impose the enhanced punishment for an habitual offender under the new statute. The trial court was right in so holding. *But this leaves unanswered the question of whether the new statute requires that the first conviction must precede the commission of the second offense.* Here defendant pled guilty to both of the first two offenses on the same day; *he was not convicted of the first offense before he committed the second.*

*Hollins*, 310 N.W.2d at 217 (emphases added). While the timing of sentencing and imprisonment are no longer relevant under section 902.8, the timing of the underlying offenses and convictions remains dispositive. *Id.* at 217–18. The majority simply ignores the fact that we have already rejected its attempt to distinguish section 902.8 from the prior version in section 747.5 on the basis that “it only mentions . . . convictions.”

The majority also fails to acknowledge that “[w]e presume that the legislature knows the state of the law, including caselaw, when it enacts a statute.” *Miller v. State*, 18 N.W.3d 498, 506 (Iowa 2025) (quoting *Sutton v.*

*Council Bluffs Water Works*, 990 N.W.2d 795, 799 (Iowa 2023)). The general assembly knows how to enact a habitual offender statute that applies without regard to the persistence of a defendant's criminal conduct after his prior convictions. *E.g., State v. Spoonemore*, 598 N.W.2d 311, 311–12 (Iowa 1999) (holding that an amendment to Iowa Code section 321J.2 (1997) "clearly negates the [recidivist] characterization of prior offenses that this court adopted in the [*State v.*] *Clark*[, 351 N.W.2d 532 (Iowa 1984),] case"); *see also Beecher Store, Inc. v. Iowa Dep't of Revenue Alcoholic Beverages Div.*, 31 N.W.3d 757, 767–68 (Iowa 2026) (Oxley, J., dissenting) (explaining how other statutes punish habitual offenders more severely without regard to recidivism). It did not do so when it enacted section 902.8—despite our then-recent pronouncement in *Conley*. Nor has it revised section 902.8 in the fifty years since it was enacted.

That presumption is particularly instructive with respect to recidivism principles, which apply to a number of statutes beyond section 902.8. *See Freeman*, 705 N.W.2d at 291. The majority ignores the import its holding will have on other recidivism statutes in the Iowa Code. *See, e.g., id.* (applying recidivism principles from *Conley* and *Hollins* to section 124.401(5)).

While mentioning *State v. Freeman*, the majority ignores that it too involved sequencing of prior convictions that occurred on different dates— contrary to the majority's new same-day limitation. *See id.* at 286 (rejecting a sentencing enhancement under section 124.401(5) for a defendant's third drug offense because his second offense in September 1991 was committed before his first conviction in April 1992). Notably, the defendant in *Freeman* received both prior convictions over a decade before his third arrest in 2003, but we still treated him as having only one prior drug offense for purposes of enhancing his sentence for the third drug conviction. *Id.* at 291 ("[T]he district court should not have

considered Freeman as a third offender, because he did not commit his second offense after his first conviction."). Is the majority overruling *Freeman*, too?

## V.

The majority's "limit[ation]" of *Hollins* to its facts involving same-day convictions doesn't make sense and creates needless confusion. The sentencing enhancement didn't apply in *Hollins* because the defendant, who committed two unrelated felony rapes, was convicted for both on the same day. 310 N.W.2d at 216. As such, he had not been convicted of the first when he committed the second. *Id.* Even though he was convicted of both on the same day, the rule we applied—carried over from *Conley*—was unambiguously broader than the majority's fixation on same-day convictions. *Id.* at 216–18 (holding that section 902.8 "subscribe[s] to th[e] general rule" for recidivism statutes, under which "each succeeding conviction must be subsequent in time to the previous convictions, both with respect to commission of the offense and to conviction" (quoting 39 Am. Jur. 2d *Habitual Criminals* § 6, at 314 (1968))). And critical to the majority's application here, both prior rape convictions in *Hollins* occurred years before the sexual assault convictions that the state attempted to enhance using the prior rape convictions as the relevant predicates. *Id.* at 216. The majority does not explain how Hollins—having received two prior convictions for unrelated rapes—was not "any person . . . who has twice before been convicted of any felony" under its newfound reading of Iowa Code section 902.8, but Sharples is. The majority's same-day limitation of *Hollins* to its facts is entirely policy based; it certainly does not flow from the text of the statute.

Notably, the Supreme Judicial Court of Massachusetts recently rejected an attempt to limit its recidivism jurisprudence in the way the majority does here. *See Lewis*, 273 N.E.3d at 180. In *Commonwealth v. Lewis*, the court

rejected the commonwealth's attempt to characterize the reasoning from its prior opinion in *Commonwealth v. Resende*, 52 N.E.3d 1016 (Mass. 2016), as obiter dictum that could be ignored where "the same outcome could have been reached" in that case "under a [narrower] rule requiring that prior convictions need only be separate, without requiring that they also be sequential." *Lewis*, 273 N.E.3d at 180. The court explained that "the fact that [its] statutory analysis led to a conclusion broad enough to cover facts beyond those immediately presented by Resende's case is no reason to disregard the court's conclusion or the logic underlying it." *Id.* The majority here fails to give the same respect to our jurisprudence.

The majority's nearly exclusive reliance on our recent opinion in *Beecher Store, Inc. v. Iowa Department of Revenue Alcoholic Beverages Division* is also telling. In *Beecher*, a majority of our court "reject[ed] Beecher's theory" that "recidivist principles" apply at all to a civil penalty scheme. 31 N.W.3d at 762. Yet, the majority now uses *Beecher*'s "plain text [reading] of the statute" to support its new limit on section 902.8—which we have repeatedly held is a recidivism statute. The majority goes out of its way to recognize that we have not been asked to overrule our precedent, so it claims to only be "limit[ing]" "the *Hollins* rule" to its facts. But what's left of the recidivism principles we've long used to interpret section 902.8 if the only support for the majority's new limit is a case that rejected the doctrine entirely? Holding that section 902.8's sequencing requirement only applies "where the prior convictions were entered on the same day" is flatly inconsistent with not only the underlying rule that has long been settled, *see Parker*, 747 N.W.2d at 211; *Hollins*, 310 N.W.2d at 217, but also the way it has been applied in other cases where the convictions occurred on different days, *see Woody*, 613 N.W.2d at 218; *Conley*, 222 N.W.2d

at 503; *State v. English*, No. 03–1784, 2004 WL 2951679, at *3 (Iowa Ct. App. Dec. 22, 2004), and even the *Beecher* opinion on which it relies, *see* 31 N.W.3d at 763 (rejecting the argument that two violations, committed minutes apart, should be considered as one).

"Stare decisis alone dictates continued adherence to our precedent absent a compelling reason to change the law." *Book v. Doublestar Dongfeng Tyre Co.*, 860 N.W.2d 576, 594 (Iowa 2015). The majority's refusal to even acknowledge that it is overruling our prior cases undermines "the evenhanded, predictable, and consistent development of legal principles" as well as "the actual and perceived integrity of the judicial process." *Rarick*, ___ N.W.3d at ___, 2026 WL 1441855, at *10 (Waterman, J., concurring) (quoting *Payne*, 501 U.S. at 827). And its attempt to justify its result based on the fact that Sharples "committed similar crimes in multiple states and with substantial time between his crimes, and—as part of a favorable plea bargain—he admitted committing those crimes" ignores our obligation to apply the habitual offender statute as we have long interpreted it. *E.g.*, *Parker*, 747 N.W.2d at 211; *Woody*, 613 N.W.2d at 218; *Hollins*, 310 N.W.2d at 217. "Like cases should be treated alike," *Rarick*, ___ N.W.3d at ___, 2026 WL 1441855, at *10 (Waterman, J., concurring), so we should not disturb long-settled law for no apparent reason other than that some of us read the statute differently than our predecessors and the State offered a superficial way to distinguish one of our prior cases.

\*     \*     \*

In this case, Sharples undoubtedly committed at least two felonies before his May 2024 burgling spree in Davenport. But in seeking to sentence him as a habitual offender, the State relied solely on one predicate conviction from Washington and one predicate conviction from Oregon. The State chose not to

use his "at least seven prior felony convictions from Utah," as noted by the majority. "[T]he State should bear the consequences of a decision that was based on the State's wrong assumption that the habitual-offender statute applied." *Woody*, 613 N.W.2d at 218.

Considering only those two predicate offenses, Sharples committed a felony offense in Washington in January 2014, which resulted in a conviction in August 2015. The Oregon felony offense that he committed in the interim in October 2014 (with an April 2015 conviction) cannot be used to enhance his current sentence because he had not been convicted of the Washington offense before he committed the Oregon offense. *See Conley*, 222 N.W.2d at 503 (reversing a habitual offender enhancement where "[t]he incidents resulting in the first and second convictions each occurred before conviction and imposition of penalty for the first offense"); *English*, 2004 WL 2951679, at *3 ("The proper sequence does not exist here because his first conviction did not precede the commission of the second offense."). Without the Oregon conviction, the State failed to establish that Sharples "has twice before been convicted" as required to trigger the habitual offender enhancement under Iowa Code section 902.8.

To the extent the majority wishes to change section 902.8's unambiguous sequencing requirement, that task should be reserved for the legislative branch. *See Freeman*, 705 N.W.2d at 291 (explaining that we have long applied recidivist principles to enhanced criminal penalty statutes "unless the legislature expressly provided otherwise"). I respectfully dissent.

Christensen, C.J., and McDermott, J., join this dissent.